LOURIE, Circuit Judge.
 

 Hugh D. Cox appeals from the decision of the United States Court of Veterans Appeals denying his petition for a writ of mandamus.
 
 In re Fee Agreement of Cox,
 
 No. 95-1068, 10 Vet.App. 361 (1997). Cox sought a writ compelling the Board of Veterans’ Appeals to issue a final decision on his claim for attorneys’ fees. The court declined to issue the writ after determining that Cox had an alternative remedy that obviated the need for such extraordinary relief. Because it now appears that Cox has pursued the alternative remedy to no avail, we
 
 vacate
 
 and
 
 remand
 
 for reconsideration of the propriety of issuing the writ.
 

 BACKGROUND
 

 Cox, an attorney, was retained to represent a veteran in a benefits matter at the Department of Veterans Affairs (VA). Cox and the veteran agreed to a contingency fee arrangement whereby Cox would receive 20% of any past-due benefits that the VA awarded to the veteran. As provided by 38 U.S.C. § 5904(d)(2)(A) (1994), Cox and the veteran agreed that Cox’s fee would be paid “by the Secretary directly from any past-due benefits awarded on the basis of the claim.” After the veteran prevailed in his claim, the VA mistakenly paid him all past due benefits, inadvertently failing to withhold 20% for Cox. Upon learning that the veteran had succeeded in his claim, Cox requested that the regional office of the VA pay him his fee. The regional office responded that “[p]ayment was made to the claimant and the VA will be unable to pay your fee from past due benefits as these benefits have already been disbursed. We regret the error but any adjustment of the fee must be arranged between you and [the veteran].”
 

 Cox petitioned the Court of Veterans Appeals seeking a writ of mandamus to compel the Secretary of Veterans Affairs to show cause why he should not immediately pay the fees to which Cox claimed to be entitled. The court denied the writ, holding that “[i]n light of the provisions of 38 C.F.R. § 20.609(i), which permit a party to a fee agreement to petition the Board for review of the agreement, the Court finds that [the] petitioner has not demonstrated a compelling basis for issuance of a writ of mandamus because of the availability of [that] potentially adequate alternative remedy.”
 
 In re Smith,
 
 4 Vet.App. 487, 500 (1993),
 
 vacated-in-part and remanded sub nom. In re Wick,
 
 40 F.3d 367 (Fed.Cir.1994).
 

 Cox then filed a motion asking the Board of Veterans’ Appeals to order payment of the fee. The Board declined to act on Cox’s motion pending resolution by this court of the case of
 
 In re Wick,
 
 40 F.3d 367 (Fed.Cir. 1994), which presented the issue whether the Secretary is obligated to pay a fee that he erroneously failed to withhold from a past-due veteran’s award. Following this court’s decision in
 
 In re Wick,
 
 holding that the Court of Veterans Appeals lacked jurisdiction to compel the Secretary to pay an attorney’s fee in the absence of a Board decision for it to review, Cox renewed his motion at the Board. The Board again declined to act. A May 1995 letter from the Board’s Deputy Vice Chairman informed Cox as follows:
 

 I have found no authority that would allow the Board to issue an order compelling the [regional office] to pay a fee to an attorney when the client/claimant had received all the past-due benefits awarded. Indeed, [because the VA cannot withhold future benefits of a veteran, the] VA has no legal authority to pay attorney fees when payment of the complete amount of past-due benefits has been made to the claimant.
 

 Cox filed another motion requesting that the Board issue a final decision one way or the other for the express purpose of creating jurisdiction in the Court of Veterans Appeals. The Board again declined to issue a final decision, and the Deputy Vice Chairman responded that “the Board has no authority to order the regional office to pay a fee to an attorney in the circumstances of this case.”
 

 
 *1362
 
 Nearly two years after first requesting relief from the Court of Veterans Appeals, Cox once again sought a writ from the court. This time, however, Cox’s request was more modest than the first. Cox sought a writ of mandamus only to compel the Board to issue a final decision on his petition for attorneys’ fees.
 

 The court acknowledged that pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651(a) (1994), it had the power to issue a writ of mandamus compelling the Board to issue a final decision. The court determined that such a writ would be justified “in aid of’ the court’s jurisdiction under the AWA because, absent a final decision by the Board, the court lacked jurisdiction under 28 U.S.C. § 7252(a) (1994).
 
 See In re Wick,
 
 40 F.3d at 373 (holding that a Board decision is required to vest the Court of Veterans Appeals with jurisdiction over a claimant’s appeal). However, as before, the court declined to issue the writ after finding that Cox had an alternative means to obtain relief. Specifically, the court held that that alternative was for Cox to treat the letter from the regional office as a decision by the Secretary under 38 U.S.C. § 511(a) (1994) and to file a notice of disagreement (NOD) with that decision. The court stated that once Cox filed an NOD, the Board would have jurisdiction over his claim under 38 U.S.C. § 7104(a) (1994) (“All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board.”). Cox now appeals to this court, asserting that the denial of the writ was an abuse of discretion because it was based on the erroneous conclusion that his filing of an NOD would vest the Board "with jurisdiction over his claim.
 

 DISCUSSION
 

 Our jurisdiction over cases from the Court of Veterans Appeals is limited. We may only “review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 28 U.S.C. § 7292(c) (1994). This appeal requires that we review the Court of Veteran's Appeals’ interpretation of the AWA and various sections of title 38 that provide the Board and the Court of Veterans Appeals with jurisdiction. These questions of legal interpretation are clearly within our jurisdiction.
 

 Both Cox and the Secretary argue that the Court of Veterans Appeals erred in determining that the regional office’s denial of Cox’s claim constituted a decision by the Secretary under section 511(a). Section 511(a) provides that
 

 [t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.
 

 Cox- and the Secretary, however, disagree on the effect of this provision. Cox argues that he is entitled to relief because the basis for denying the writ was legally erroneous: he cannot file an NOD because section 511(a) does not provide the Secretary with jurisdiction over “fee matters.” Moreover, at oral argument, Cox informed this court that pursuant to the Court of Veterans Appeals’ instructions, he filed an NOD subsequent to the denial of his writ and that as of that time, the Board had still refused to issue a final decision. Accordingly, Cox argues that even if we find no error in the Court of Veterans Appeals’ decision, remand would be appropriate so that the Court of Veterans Appeals can consider whether a writ of mandamus is now warranted in light of the Board’s inaction following his filing of the NOD.
 

 The Secretary responds that while Cox is correct in asserting error by the court, the court's error was harmless because the court lacks the power to issue writs under the AWA under any circumstances. The Secretary argues that, in any event, no statute grants the court jurisdiction to hear Cox’s claim and therefore the requested writ would not be “in aid of’ the court’s jurisdiction.
 
 [1]
 

 
 *1363
 
 We agree with Cox and the Court of Veterans Appeals that the court has the power under the AWA to issue the writ in question. The AWA provides that
 

 The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
 

 By its express terms, the AWA unambiguously applies to “all courts established by Act of Congress.” The Court of Veterans Appeals is such a court.
 
 See
 
 38 U.S.C. § 7251 (1994) (“There is hereby established, under Article I of the Constitution of the United States, a court of record to be known as the United States Court of Veterans Appeals.”). Moreover, there is no qualifying language in title 28 which limits the term “all courts established by Act of Congress” to Article III courts or specifically excludes the Court of Veterans Appeals. On the contrary, when Congress wishes to specify a subset of courts, it does so explicitly. For example, the term “court of the United States” is defined as specifically excluding Article I courts whose judges hold office for a term of years.
 
 See
 
 28 U.S.C. § 451 (1994) (defining that term as including “any court created by Act of Congress the judges of which are entitled to hold office during good behavior”). Had Congress wished to limit the applicability of the AWA to Article III or other courts, it would have used language expressly designed for that purpose. As the Supreme Court stated in
 
 Freytag v. Commissioner,
 
 “[w]hen we find the terms of a statute unambiguous, judicial inquiry should be complete except in rare and exceptional circumstances.” 501 U.S. 868, 873, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).
 

 The Secretary’s observation that the Court of Veterans Appeals is limited to the jurisdiction set forth in chapter 72 of title 38 of the United States Code, while correct, is irrelevant to the question of the court’s power under the AWA. It is well established that the AWA does not expand a court’s jurisdiction.
 
 See In re Wick,
 
 40 F.3d at 373. Bather, as explicitly stated in the AWA itself, the Act provides for the issuance of writs “in aid of’ the jurisdiction already possessed by a court. Furthermore, the AWA is a residual source of authority to issue writs which are not otherwise provided for by statute.
 
 See Pennsylvania Bureau of Correction v. United States Marshals Serv.,
 
 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985).
 

 The Secretary cites
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in support of his contention that the Court of Veterans Appeals lacks the power to issue such writs. That case, which found section 241(a) of the Bankruptcy Reform Act of 1978 to be unconstitutional, does not help the Secretary. The plurality opinion stated that the defect of section 241(a) was that it granted bankruptcy courts broad plenary jurisdiction comparable to Article III courts, including the power to decide state law claims between two private parties, without the safeguards provided by Article III of the Constitution, and that it was therefore unconstitutional.
 

 The plurality cited the AWA and noted that “in addition to [the] broad grant of power” under section 241(a), the bankruptcy courts possessed the power “to issue all writs necessary in aid of the bankruptcy court’s expanded jurisdiction.” The plurality did not criticize or otherwise call into question this particular grant of authority.
 
 Id.
 
 at 55, 102 S.Ct. 2858. Additionally, as noted by the Court of Veterans Appeals, the Supreme Court has already confirmed that the Court of Military Appeals (now the United States Court of Appeals for the Armed Forces), an Article I court, possesses the power to issue writs under the AWA.
 
 See Noyd v. Bond,
 
 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). The Secretary’s attempt to limit the applicability of the AWA based on the distinction between Article III and non-Article III courts therefore must fail. Accordingly) we hold that the Court of Veterans Appeals has the power to issue writs of mandamus in aid of its jurisdiction under the AWA.
 

 The fact that the tribunal being reviewed by the Court of Veterans Appeals is
 
 *1364
 
 the Board rather than a court does not affect our decision on this matter. The Supreme Court has noted that the “traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.”
 
 Roche v. Evaporated, Milk Ass’n,
 
 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1186 (1943). Although the tribunal under review in
 
 Roche
 
 was a district court, the AWA applies with equal force when an appellate court reviews an agency board such as the Board of Veterans’ Appeals.
 
 See, e.g., Margolis v. Banner,
 
 599 F.2d 435, 202 USPQ 365 (CCPA 1979) (issuing writ to the Commissioner of Patents and Trademarks in aid of the court’s prospective appellate jurisdiction from the Board of Appeals);
 
 Telecommunications Research & Action Ctr. v. FCC,
 
 750 F.2d 70, 75 (D.C.Cir.1984) (issuing a writ under the AWA compelling action by the F.C.C.). A failure of an agency Board to adjudicate a ease impacts as much on a reviewing court’s jurisdiction as does a failure of a lower court to act. The Court of Veterans Appeals therefore has the power to issue a writ compelling agency action.
 

 Having agreed with the Court of Veterans Appeals that it may issue writs in aid of its jurisdiction under the AWA, we must next address Cox’s argument that the court abused its discretion in denying the writ. Cox argues that because his dispute involves a fee agreement and not an underlying claim for veterans benefits, the operative sections for Board review are not 7104 in conjunction with 511(a) as held by the court, but 38 U.S.C. § 5904(c)(2), which provides for review of fee agreements. Cox argues that because the Board may review fee agreements, it has the authority to direct payment of his fee. Cox asserts that he is entitled to a writ to obtain a decision based on section 5904(c)(2).
 

 The Secretary responds that even if the court has the power to issue writs, a writ is inappropriate in this case because it would not be “in aid of’ the court’s jurisdiction. The Secretary argues that neither section 7104 nor section 5904(c)(2) confers jurisdiction on the Board over Cox’s claim, and that the Court of Veterans Appeals therefore may not issue a writ. Regarding section 7104, the Secretary asserts that a ruling that fee agreements are reviewable under that section would render section 5904(c)(2) superfluous. The Secretary further argues that section 5904(d), which provides for payment of attorneys’ fees solely from past-due benefits, is inconsistent with Cox’s interpretation of section 5904(c)(2).
 

 We agree with the Secretary that section 5904(c)(2) does not provide the Board with jurisdiction to review Cox’s claim. That section provides in pertinent part as follows:
 

 (c)(2) The Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable. A finding or order of the Board under the preceding sentence may be reviewed by the United States Court of Veterans Appeals under section 7263(d) of this title....
 

 This section is inapplicable as a basis for jurisdiction here because the reasonableness of the fee is not in dispute in this ease. Cox is seeking payment by the Secretary of an undisputed fee. By its terms, section 5904(c)(2) only gives the Board limited jurisdiction to review the
 
 reasonableness
 
 of a fee and to
 
 reduce
 
 the fee. That subsection does not confer jurisdiction on the Board to order payment of a fee, and one therefore cannot justify issuance of a writ of mandamus based on that section. Thus, even if we were to agree with Cox that the court erred with regard to the applicability of section 511(a), we would nonetheless affirm the denial of the writ to the extent that section 5904(c)(2) was the asserted basis for jurisdiction.
 

 However, there is more to the statute than section 5904(c)(2). As the Court of Veterans Appeals determined, section 7104 of title 38 confers jurisdiction on the Board over questions arising under section 511(a), and a claimant may in turn appeal an adverse Board ruling to the Court of Veterans Appeals under 38 U.S.C. § 7252(a) (1994). Additionally, the court held that section 511(a) requires the Secretary and the Board to consider claims for payment under section 5904(d). The court declined to issue the
 
 *1365
 
 writ, however, because it found that Cox had not pursued the available administrative remedies that would entitle him to a final decision by the Board. Specifically, the court found that Cox had not yet filed a notice of disagreement, which would entitle Cox to Board review.
 
 [2]
 

 Section 5904(d) provides, in pertinent part and with emphasis added, as follows:
 

 (d)(1) When a claimant and an attorney have entered into a fee agreement described in paragraph (2) of this subsection, the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.
 

 (2)(A) A fee agreement referred to in paragraph (1) of this subsection is one under which the total amount of the fee payable to the attorney — (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether or not the matter is resolved in a manner favorable to the claimant....
 

 (3) To the extent that past-due benefits are awarded in any proceeding before the Secretary, the Board of Veterans’ Appeals, or the United States Court of Veterans Appeals,
 
 the Secretary may direct that payment of any attorneys’ fee under a fee arrangement described in paragraph (1) of this subsection be made out of such past-due benefits.
 

 We agree with the Court of Veterans Appeals regarding the availability of relief under section 511. Cox is claiming entitlement to his fee under section 5904(d), which he argues obligates the Secretary to pay fees such as those due him; he asserts that the Secretary, not Cox, must bear the consequences of the erroneous payment to the veteran. Although the merits are not properly before us on this appeal, and we do not decide them, we do agree that the issue is justiciable. As the Court of Veterans Appeals correctly held, Cox’s claim requires the Secretary to make a decision “under a law that affects the provision of benefits by the Secretary to veterans.” 28 U.S.C. § 511(a). The Secretary’s insistence that the
 
 decision
 
 of the regional office did not affect a veteran’s benefits is not the point. The relevant issue under section 511(a) is whether the decision necessarily interpreted
 
 a law
 
 that affects veterans’ benefits.
 

 Likewise, the court properly held that such a decision by the Secretary is mandatory under section 511(a) and that a claimant is then entitled to review by the Board.
 
 See
 
 38 U.S.C. § 7104(a). However, the court noted that there had been no jurisdiction-conferring NOD in this case that would have supplied the Board with jurisdiction over Cox’s claim.
 
 See
 
 38 U.S.C. § 7105 (1994) (“Appellate review will be initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case is furnished as prescribed in this section.”). Accordingly, the court correctly held that a writ of mandamus was not warranted because Cox had yet to file an NOD.
 

 That fact situation has changed since the court’s decision. At oral argument before this court, Cox asserted that subsequent to the Court of Veterans Appeals’ decision, Cox filed an NOD, but that the Secretary still refused to issue a “statement of the case,” an administrative prerequisite to Board review.
 
 See
 
 38 U.S.C. § 7105. Counsel for the Secretary responded to us at the hearing that it is the department’s position that Cox’s claim does not fall under section 511, and thus that Cox is not entitled to an appeal as provided in section 7105, including the issuance of the “statement of the case” and a final decision by the Board. In light of these representations, it appears that the court’s sole reason for denying the writ is no longer applicable, Thus, while we would otherwise affirm the court’s decision, under the circumstances we vacate the court’s decision and remand for reconsideration of the propriety of the requested writ in light of these new facts.
 

 Specifically, the court should consider whether Cox has complied with the requirements of chapters 51 and 71 such that the Secretary is required to provide Cox with the
 
 *1366
 
 basis for an appeal pursuant to section 7105. If so, the court should decide whether to issue a writ of mandamus compelling the Secretary and the Board to comply with the requirements of the statute and to issue a final decision.
 

 CONCLUSION
 

 The Court of Veterans Appeals properly determined that Cox’s claim falls under section 511(a) and accordingly did not abuse its discretion in denying Cox the requested writ of mandamus.' However, because Cox has apparently exhausted the alternative administrative remedy identified by the court, we vacate and remand for reconsideration of the propriety of issuing a writ.
 

 VACATED and REMANDED.
 

 [1]
 

 . The Secretary also argues that Cox has an additional alternative remedy, that he can seek payment of his fee directly from the veteran. This argument was properly rejected by the court. Cox is seeking a final decision regarding the liability of the Secretary for attorneys' fees
 
 *1363
 
 under section 5904. A remedy against the veteran will not aid Cox in obtaining a final decision by the Board and consequently will not defeat resort to the AWA.
 

 [2]
 

 . The writ is not normally granted when there is an adequate alternative remedy.
 
 See Kerr v. United States Dist. Court,
 
 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (stating that because "a writ will issue only in extraordinary circumstances,” one condition is that "the party seeking issuance of the writ have no other adequate means to attain the relief he desires”).