**Hugh D. COX, Petitioner,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

No. 95–1068.

United States Court of Veterans Appeals.

Nov. 25, 1998.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On October 27, 1995, the petitioner filed through counsel a petition for extraordinary relief, seeking a Court order compelling a final decision of the Board of Veterans' Appeals (Board or BVA) on the issue of the payment of attorney fees to the petitioner by the Department of Veterans Affairs (VA) pursuant to 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h) (1997). In an August 7, 1997, opinion, the Court concluded that it possessed the authority to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). *In Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 365–70 (1997). The Court, however, denied the petition because the petitioner had an alternative remedy that obviated the need for extraordinary relief. *Id.* at 376–77 ("if the petitioner files a timely NOD [ (Notice of Disagreement) with a VA regional office (RO) ], the Secretary and Board possess authority—indeed, the obligation—pursuant to [38 U.S.C. §§ ] 511(a) and 7104(a), to issue a Board decision stating whether the petitioner is entitled to VA payment of attorney fees, and that any such interpretation of law ensconced in a BVA decision may be appealed to this Court"). The petitioner appealed.

On July 16, 1998, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) expressly confirmed this Court's power to issue a writ of mandamus and its jurisdiction to review Board decisions as to fee

agreements. *Cox v. West,* 149 F.3d 1360, 1363–65 (Fed.Cir.1998). The Federal Circuit also concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the petitioner] had yet to file an NOD". *Id.* at 1365. Nonetheless, the Federal Circuit remanded this matter for reconsideration of the propriety of issuing the writ because, subsequent to our August 1997 decision, counsel for the petitioner had asserted during oral argument that the petitioner had pursued the alternative remedy to no avail by filing an NOD with a VARO. *Id.* at 1365–366. The Federal Circuit issued its mandate in this case on November 2, 1998.

This case has been recaptioned as *Cox v. West,* in light of the fact that the only issue now pending here is whether the Court should issue a writ ordering the Secretary to issue a Statement of the Case (SOC) (through an RO). (This Court previously held in this case that it could not take any further action until the Board had rendered a decision on the fee-agreement issues being posed by the petitioner. *Fee Agreement of Cox,* 10 Vet.App. at 375–76. The Federal Circuit agreed. *Cox,* 149 F.3d at 1365.)

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file a certified copy of any NOD (as to the payment of attorney fees) filed with an RO subsequent to this Court's August 7, 1997, opinion, and, if such an NOD has been filed, then the Secretary shall file an answer to the petition for a writ of mandamus in which he shall show cause why the Secretary will not direct the RO with which the NOD was filed to issue an SOC under 38 U.S.C. § 7105(d)(1) and 38 C.F.R. §§ 19.26, 19.29, and 19.30 (1997), *see Holland v. Gober,* 10 Vet.App. 433, 436 (1997) (per curiam order). It is further

ORDERED that, not later than 14 days after service of a response by the Secretary, the petitioner shall file a response to the Secretary's answer.