**Hugh D. COX, Petitioner,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

**No. 95–1068.**

United States Court of Veterans Appeals.

Feb. 11, 1999.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On October 27, 1995, the petitioner filed through counsel a petition for extraordinary relief, seeking a Court order compelling a final decision by the Board of Veterans' Appeals (Board or BVA) on the issue of the payment of attorney fees to the petitioner by the Department of Veterans Affairs (VA) pursuant to 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h) (1998). In an August 7, 1997, opinion, the Court concluded that it possessed the authority to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). *In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 365–70 (1997) (*Fee Agreement of Cox*). The Court,

however, denied the petition because the petitioner had an alternative remedy that obviated the need for extraordinary relief. *Id.* at 376–77 ("if the petitioner files a timely NOD [ (Notice of Disagreement) with a VA regional office (RO) ], the Secretary and Board possess authority—indeed, the obligation— pursuant to [38 U.S.C. §§ ] 511(a) and 7104(a), to issue a Board decision stating whether the petitioner is entitled to VA payment of attorney fees, and that any such interpretation of law ensconced in a BVA decision may be appealed to this Court"). The petitioner appealed.

On July 16, 1998, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) expressly confirmed this Court's power to issue a writ of mandamus and its jurisdiction to review Board decisions as to fee agreements. *Cox v. West,* 149 F.3d 1360, 1363–65 (Fed.Cir.1998). The Federal Circuit also concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the petitioner] had yet to file an NOD". *Id.* at 1365. Nonetheless, the Federal Circuit remanded this matter for reconsideration of the propriety of issuing the writ because, subsequent to our August 1997 decision, counsel for the petitioner had asserted during oral argument before the Federal Circuit that the petitioner had pursued the alternative remedy by filing an NOD with a VARO, but to no avail. *Id.* at 1365–366. The Federal Circuit issued its mandate in this case on November 2, 1998.

On November 25, 1998, the Court ordered the Secretary (1) to file a certified copy of any NOD (as to the payment of attorney fees) filed with an RO subsequent to this Court's August 7, 1997, opinion, and (2) if such an NOD had been filed, to file an answer to the petition. *Cox v. West,* 12 Vet. App. 54, 55 (1998) (per curiam order). On December 8, 1998, the Secretary filed a copy of a July 21, 1998, NOD. On December 14, 1998, the Secretary wrote a letter to the petitioner's client requesting that he respond within 30 days as to the status of his payment of attorney fees to his counsel, the petitioner. *See In the Matter of the Fee Agreement of Smith,* 4 Vet.App.· 487, 500 (1993) (payments totaling $2,400 made by

client to petitioner). On December 22, 1998, the Secretary filed a second answer to the petition and attached a copy of an August 26, 1997, NOD as to this matter.

On consideration of the foregoing, it is

ORDERED that, not later than February 26, 1999, the Secretary show cause why the Court should not order him to direct the RO to issue an SOC. *See Cox* and *Fee Agreement of Cox,* both *supra.*