**Hugh D. COX, Petitioner,**

**v.**

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

**No. 95–1068.**

United States Court of Appeals for Veterans Claims.

March 24, 1999.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

## ORDER

PER CURIAM:

On October 27, 1995, the petitioner filed through counsel a petition for extraordinary relief, seeking a Court order compelling a final decision by the Board of Veterans' Appeals (Board or BVA) on the issue of the payment of attorney fees to the petitioner by the Department of Veterans Affairs (VA) pursuant to 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h) (1998). In an August 7, 1997, opinion, the Court concluded that it possessed the authority to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). *In the Matter of the Fee Agreement of Cox,* 10 Vet.App. 361, 365–70 (1997), *aff'd. sub nom. Cox v. West,* 149 F.3d 1360 (Fed.Cir.1998). The Court, however, denied the petition because the petitioner had an alternative remedy that obviated the need for extraordinary relief. *Id.* at 376–77 ("if the petitioner files a timely NOD [ (Notice of Disagreement) with a VA regional office (RO) ], the Secretary and Board possess authority—indeed, the obligation—pursuant to [38 U.S.C. §§ ] 511(a) and 7104(a), to issue a Board decision stating whether the petitioner is entitled to VA payment of attorney fees, and ... any such interpretation of law ensconced in a BVA decision may be appealed to this Court"). The petitioner appealed.

On July 16, 1998, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) expressly confirmed both this Court's power to issue a writ of mandamus and its jurisdiction to review Board decisions as to fee agreements. *Cox,* 149 F.3d at 1363–65. The Federal Circuit also concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the petitioner] had yet to file an NOD". *Id.* at 1365. Nonetheless, the Federal Circuit remanded this matter for reconsideration of the propriety of issuing the writ because, subsequent to our August 1997 decision, counsel for the petitioner had asserted during oral argument before the Federal Circuit that the petitioner had pursued the alternative remedy by filing an NOD with a VARO, but to no avail. *Id.* at 1365–366. The Federal Circuit issued its mandate in this case on November 2, 1998.

On November 25, 1998, the Court ordered the Secretary (1) to file a certified copy of any NOD (as to the payment of attorney fees) filed with an RO subsequent to this Court's August 7, 1997, opinion, and (2) if such an NOD had been filed, to file an answer to the petition in which he was to show cause why he would not direct the RO with which the NOD was filed to issue a Statement of the Case (SOC) under 38 U.S.C. § 7105(d)(1) and 38 C.F.R. §§ 19.26, 19.29, and 19.30 (1998). *Cox v. West,* 12 Vet.App. 54, 55 (1998) (per curiam order). On December 8, 1998, the Secretary filed a copy of a July 21, 1998, NOD. On December 22, 1998, the Secretary filed a second answer to the petition and attached, inter alia, a copy of an August 26, 1997, NOD as to this matter along with copies of December 14, 1998, letters to the petitioner and his former client as to the status of the client's payment to the petitioner of his attorney fees (*see In the Matter of the Fee Agreement of Smith,* 4 Vet.App. 487, 500 (1993) (payments totaling $2,400 made by client to petitioner)). On January 21, 1999, the petitioner filed his response, renewing his position that the Court should issue the writ sought.

On February 11, 1999, the Court ordered the Secretary to show cause why the Court should not order him to direct the RO to issue an SOC. *See Cox*, 12 Vet.App. at 55; *Fee Agreement of Cox, supra*. On February 25, 1999, the Secretary filed a response averring that on February 24, 1999, the RO had issued an SOC in this matter, thus rendering moot the issuance of a writ.

On consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief is DENIED as moot.