### In re PANEL REFERRALS IN PRO SE CASES.

No. 3–99.

United States Court of Appeals for Veterans Claims.

April 8, 1999.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

### ORDER

NEBEKER, Chief Judge:

It is sua sponte,

ORDERED that when a determination is made, under the Internal Operating Procedures, Part I(b)(5) or II(c) second paragraph, and *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990), that a panel should be selected for consideration and disposition of an appeal or other matter in which the appellant is not represented, a clerk's order, designated for electronic publication only, will be entered stating that such a determination has been made and that the matter will be stayed for 30 days.

STEINBERG, Judge, concurring in part and dissenting in part:

I agree with the order except for the explicit limitation to the two situations set forth in the Court's Internal Operating Procedures (where the screening judge decides to refer a case to a panel either initially after screening or at the request of two other judges after circulation of a proposed single-judge disposition). Rather, I believe that any determination that a case involving an unrepresented appellant is to be referred to a panel (or initially to the en banc Court, for that matter) should precipitate a notice order of the Court under this new procedure. This could also happen after the screening judge makes an initial screening determination for single-judge disposition (including after full Court circulation even though two judges do no request referral to a panel) or on a motion for a panel decision made by either party under Rule 35(b) of the Court's Rules of Practice and Procedure (Rules) after issuance of a single-judge disposition. Initial en banc review for a case involving an unrepresented appellant could occur based on the suggestion of a judge (if three others agree) or on the motion of a party under Rule 35(c)(1).