# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 95-1068

Hugh D. Cox,                                           Petitioner,

    v.

Togo D. West, Jr.,
Secretary of Veterans Affairs,                          Respondent.


Before NEBEKER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

This matter is now before the Court on the petitioner's May 25, 1999, application for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The underlying facts are set forth in our prior opinions in this case. *In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 363-65 (1997) (*Fee Agreement of Cox)*, *vacated on other grounds*, *Cox v. West*, 149 F.3d 1360 (Fed. Cir 1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after this Court's opinion); *In the Matter of the Fee Agreement of Smith*, 4 Vet.App. 487, 499-500 (1993) (*Fee Agreement of Smith)*, *rev'd on other grounds sub nom. In the Matter of the Fee Agreement of Wick*, 40 F.3d 367 (Fed. Cir. 1994).

Briefly, the pertinent facts follow: In August 1991, the veteran, Samuel Mosley, filed with a Department of Veterans Affairs (VA) regional office (RO) a claim to reopen a previously and finally disallowed claim for service connection for post-traumatic stress disorder (PTSD). In December 1991, he retained the appellant here, attorney Hugh D. Cox (the attorney), by a fee agreement calling for a 20% contingency fee, based on any award of past-due benefits to the veteran, to be paid directly by the Secretary to the attorney. In October 1992, the VARO granted the veteran service connection for PTSD and paid him $37,408.00 in past-due benefits. In response to a November 3, 1992, inquiry from the attorney, the RO notified him by letter that he was entitled to 20% of the PTSD award but stated that, because it had disbursed the total amount to the veteran by mistake, the attorney's recourse was to recover the attorney fees from the veteran. On December 4, 1992, the RO sent the veteran a letter stating that it had disbursed erroneously the entire amount of past-due benefits awarded and that the veteran and the attorney would now need to make arrangements for payments to the attorney of the 20% contingency fee that the attorney was owed. *Fee Agreement of Cox*, 10 Vet.App. at 363-64; *Fee Agreement of Smith*, 4 Vet.App. at 500.

In January 1993, the attorney filed with this Court a pro se petition asking the Court to order VA to pay him the 20% that should have been withheld from the past-due benefits paid to the veteran. On April 8, 1993, the Court denied that petition on the ground that the attorney had an

adequate alternate administrative remedy in filing a petition with the Board of Veterans' Appeals (Board or BVA), under 38 C.F.R. § 20.609(i), to review his fee agreement. In 1993 and 1995, the attorney filed with the Board motions seeking payment of the attorney fees (20%) that the RO had wrongfully failed to withhold. Relying on the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Fee Agreement of Wick*, *supra*, the BVA Deputy Vice Chairman in April and May 1995 notified the attorney that the Board had concluded that it had no authority to issue an order compelling the RO to pay a fee to an attorney when the veteran had received all the past-due benefits awarded. That same month, the RO sent to the veteran a letter stating that the RO could not create an overpayment against the veteran for the 20% due to the attorney. In August 1995, the BVA Deputy Vice Chairman denied the attorney's motion for a final decision as to payment or nonpayment of attorney fees to the attorney. *Fee Agreement of Cox*, 10 Vet.App. at 364-65; *Fee Agreement of Smith*, 4 Vet.App. at 499-500.

On October 27, 1995, the attorney filed pro se a petition for extraordinary relief, seeking a Court order compelling a final decision by the Board on the issue of the payment of attorney fees to the attorney by VA pursuant to 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h). In an August 7, 1997, opinion, this Court concluded that it possessed the authority to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), but denied the petition because the attorney had an alternative remedy that obviated the need for extraordinary relief. *Fee Agreement of Cox*, 10 Vet.App. at 365-70, 376-77 ("if the petitioner files a timely NOD [(Notice of Disagreement) with the RO], the Secretary and Board possess authority -- indeed, the obligation -- pursuant to [38 U.S.C. §§] 511(a) and 7104(a), to issue a Board decision stating whether the petitioner is entitled to VA payment of attorney fees, and that any such interpretation of law ensconced in a BVA decision may be appealed to this Court"). The attorney appealed to the Federal Circuit.

On July 16, 1998, the Federal Circuit expressly upheld this Court's power to issue a writ of mandamus and its jurisdiction to review Board decisions as to fee agreements, and concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the attorney] had yet to file an NOD". *Cox*, 149 F.3d at 1363-65. Nonetheless, the Federal Circuit remanded this matter to this Court for reconsideration of the propriety of issuing the writ because, subsequent to our August 1997 decision, counsel for the attorney had asserted during oral argument before the Federal Circuit that the attorney had pursued the alternative remedy by filing, subsequent to this Court's August 7, 1997, opinion in *Fee Agreement of Cox*, an NOD with the RO, but that VA had failed to adjudicate his claim. *Cox*, 149 F.3d at 1365-66. On March 24, 1999, after this Court had ordered supplemental briefing that revealed that the attorney had in fact filed two NODs and that the RO had issued a Statement of the Case (SOC), this Court denied as moot the petition for extraordinary relief. *Cox v. West*, 12 Vet.App. 270, 271-72 (1999).

On May 25, 1999, the attorney filed, through attorney Kenneth Carpenter, an application for EAJA fees and expenses in connection with his litigation in the Federal Circuit and subsequent litigation in this Court. *See PPG Indus. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (in reviewing an award of attorneys fees under 35 U.S.C. § 285, holding that jurisdiction to award attorney fees for appellate work was not exclusive domain of appellate court);

*Oliveira v. United States*, 827 F.2d 735, 738-39 (Fed. Cir. 1987) (reversing lower court decision not to award legal expenses to appellant and remanding because lower court "committed an error of law by interpreting the EAJA as not allowing the recovery of expenses that ordinarily arise in the course of providing legal services" for representation before lower court and Federal Circuit); *Hines v. Sec. of Dep't of HHS*, 26 C. Ct. 114, 116 (1992) (in affirming Special Master's award of attorney fees under 42 U.S.C. § 300aa-15(e), holding that *PPG Indus.*, *supra*, provided "sufficient authority for a special master to award attorney[] fees and costs for appeals to the Federal Circuit"); *Barrera v. West*, 13 Vet.App. 139, 140 (1999) (disallowing EAJA fees for work for Federal Circuit appeal where appellant had already requested such fees and Federal Circuit had denied them). *But see id*. at 140-41 (Kramer, J., concurring) (concurring in result but stating that he would have held that "this Court was without jurisdiction to consider fees generated for work done in a reviewing court").

The Court is concerned about the possibility of piecemeal EAJA litigation in this case. *See*, *e.g.*, *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir.1999) ("improper or late presentation of an issue or argument [i.e., raised in the reply brief for the first time] . . . ordinarily should not be considered"), *aff'g Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief); *Ledford v. West*, 136 F.3d 776, 781 (Fed. Cir. 1998) (stressing importance of raising arguments to BVA pursuant to "doctrine of exhaustion of administrative remedies"); *Savage v. Gober*, 10 Vet.App. 488, 498 (1997) (Court declines to review matter first raised by amicus curiae subsequent to appellant's motion for panel review); *Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (appellant "should have developed and presented all of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."), *aff'd*, 972 F.2d 331 (Fed. Cir.1992). The Court is not prepared at this point to consider this application (as to representation from the time of this Court's August 28, 1997, opinion to this Court's March 24, 1999, order denying the petition on remand from the Federal Circuit) in isolation from other applications (as to representation provided subsequent to the representation that is the subject of the pending application) that may be filed at the end of the underlying merits litigation that precipitated this matter.

The Court notes the uniqueness of this matter, in that the Federal Circuit affirmed this Court's holdings yet remanded the case for reconsideration of new evidence and that there is still pending before VA the underlying fee-agreement matter that was the direct result of the Federal Circuit's and this Court's prior holdings. The Court also notes that, since before his first appeal to this Court in 1993, the attorney has been trying to obtain a VA decision as to this fee-agreement matter. Accordingly, the Court will revoke its March 24, 1999, order denying the petition, dismiss, without prejudice, the EAJA application as premature, and defer reconsideration of the petition pending filing by the Secretary of status reports on the progress of the VA administrative proceedings pursuant to the attorney's NOD and the SOC. As to those status reports, the Court will require the Secretary to advise the Court as to the schedule for the BVA's adjudication of this claim. *Cf. Friscia v. Brown*, 7 Vet.App. 294, 297-98 (1994) (requiring Secretary to advise Court, within 10 days, of actions taken or to be taken (citing, inter alia, 38 U.S.C. § 7261(a)(2) ("[the Court], to the extent

necessary to its decision and when presented, shall . . . compel action of the Secretary . . . unreasonably delayed"))).

On consideration of the foregoing, it is

ORDERED that the Court's March 24, 1999, order (*Cox v. West*, 12 Vet.App. 270 (1999) (per curiam)) is REVOKED, and the petition is reinstated. It is further

ORDERED that the petitioner's EAJA application for attorney fees and expenses is DISMISSED as premature, without prejudice to a future filing under the EAJA after the Court acts on the petition. It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the petitioner, a supplemental memorandum advising the Court of the progress and timetable for completion of the VA administrative proceedings in the ongoing adjudication of the fee-agreement matter that is the subject of the petition. *See Friscia*, *supra*. It is further

ORDERED that, every 60 days after the Secretary files such supplemental memorandum, he file, and serve on the petitioner, a status report as to the progress and timetable for completion of those VA administrative proceedings and, if VA adjudication has not been completed by the end of each 60-day period, a statement of the reasons why it has not been completed.

DATED: March 6, 2000                                    PER CURIAM.