# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 95-1068 and No. 99-1250

HUGH D. COX,  PETITIONER/APPELLANT,

v.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,  RESPONDENT/APPELLEE.

SAMUEL MOSLEY,  INTERVENOR.

Before NEBEKER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

**O R D E R**

On October 27, 1995, attorney Hugh D. Cox (hereinafter "the appellant") filed pro se a petition for extraordinary relief, seeking a show-cause order as to (1) why the Board of Veterans' Appeals (Board or BVA) should not issue a final decision on the issue of the payment of attorney fees to the appellant by the Department of Veterans Affairs (VA) pursuant to his fee agreement with a veteran, Samuel Mosley, and 38 U.S.C. § 5904(d) and 38 C.F.R. § 20.609(h); (2) why VA should not pay him the 20% attorney fee withheld from the veteran's award of past-due benefits (less any amount already paid to the appellant directly by the veteran); and (3) why VA's act of mistakenly having disbursed that 20% to the veteran should not be adjudged an act of "bad faith" that would warrant sanctions and attorney fees pursuant to 28 U.S.C. § 2412(b). In an August 7, 1997, opinion, this Court concluded that it possessed the authority to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), but denied the petition because the appellant had an alternative remedy that obviated the need for extraordinary relief. *In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 365-70, 376-77 (1997) (*Fee Agreement of Cox*). The appellant appealed through counsel to the U. S. Court of Appeals for the Federal Circuit (Federal Circuit).

On July 16, 1998, the Federal Circuit expressly upheld this Court's power to issue a writ of mandamus and its jurisdiction to review Board decisions as to fee agreements, and concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the appellant] had yet to file [a Notice of Disagreement (NOD)]". *Cox v. West*, 149 F.3d 1360, 1363-65 (Fed. Cir. 1998). Nonetheless, the Federal Circuit remanded the matter to this Court for reconsideration of the propriety of issuing the writ because counsel for the appellant had asserted during oral argument before the Federal Circuit that the appellant had pursued such an alternative remedy by filing, subsequent to this Court's August 7, 1997, opinion in *Fee Agreement of Cox*, an NOD with a VA regional office (RO) but that VA had failed to adjudicate his claim. *Cox*, 149 F.3d at 1365-66. On March 24, 1999, after this Court had ordered supplemental briefing that revealed that the appellant had in fact filed two NODs and that the VARO had issued a Statement of the Case, this Court denied

the petition for extraordinary relief. *Cox v. West*, 12 Vet.App. 270, 271-72 (1999) (per curiam order). On May 25, 1999, the appellant filed an application pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for attorney fees and expenses in connection with his litigation in the Federal Circuit and subsequent litigation in this Court.

On July 23, 1999, the appellant appealed through counsel a June 22, 1999, BVA decision that determined that VA was not authorized to pay attorney fees where all past-due benefits had already been paid. The veteran had participated in the adjudication of that matter before the Board. On July 27, 1999, the Court issued the "Notice of Docketing" in that appeal case, with copies to the appellant and the Secretary. On August 13, 1999, the RO sent a letter to the veteran, advising him that the appellant had filed an appeal and that the veteran might intervene in the appeal pursuant to Rule 15 of this Court's Rules of Practice and Procedure (Rules). On September 15, 1999, the veteran filed a notice of intent to intervene in the appeal.

On March 6, 2000, this panel, then unaware of the June 22, 1999, BVA decision that is the subject of the appeal here, revoked its March 24, 1999, order in the petition case and reinstated the petition; dismissed as premature the EAJA application; and ordered the Secretary to file a supplemental memorandum (and supplemental memoranda every 60 days thereafter) advising the Court of the progress and timetable for completion of the VA administrative proceedings in the ongoing adjudication of the fee-agreement matter that is the subject of the petition. *Cox v. West*, 13 Vet.App. 364, 366-67 (2000) (per curiam order). On March 10, 2000, the Secretary filed an unopposed motion for revocation of the Court's March 6, 2000, order.

In view of the June 22, 1999, BVA decision that completes the Board's adjudication of the fee-agreement matter that is the subject of the petition, the Court will grant in part the Secretary's March 10, 2000, motion but only as to the requirement that the Secretary file status reports every 60 days as to VA's progress and timetable for completion of the administrative proceedings.

On March 20, 2000, the Court, in the appeal case, ordered the appellant to notify the Court as to whether he opposes the veteran's motion to intervene. On March 24, 2000, the appellant responded that he does not oppose the veteran's motion. On April 28, 2000, the Court consolidated the appeal (No. 99-1250) with the petition (No. 95-1068) and submitted the appeal to this panel.

In view of the veteran's notice of intent to intervene, which he is entitled to do under Rule 15 because he participated in this matter before the Board, the Court will recaption the case to include the veteran as intervenor. In addition, although the outcome of this case has not been decided, the Court has determined that this case should proceed before a panel. The Court notes that it has adopted a policy that where the "appellant" is unrepresented in a case referred to a panel for a possibly precedential disposition the Court will stay proceedings in that case for the purpose of allowing the pro se appellant to obtain representation. *In re Panel Referrals in Pro Se Cases*, 12 Vet.App. 316 (1999) (en banc order). Although the veteran is an intervenor and not the appellant here, the Court, nonetheless, applies to him the procedure set forth in *In re Panel Referrals in Pro Se Cases*, *supra*, and notes that he might wish to consider making arrangements to obtain representation

of counsel in this matter. *See Snyder v. West*, 13 Vet.App. 244, 248 (1999) (per curiam order); 7C Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1920, p. 488 (2d ed. 2000) (unless court provides otherwise, "intervenor is treated as if he were an original party and has equal standing with the original parties"). The timetable set forth below will thus permit possible arrangements for representation of the intervenor and afford him the opportunity to file a brief in response to the appellant's December 17, 1999, brief and the Secretary's brief due on May 8, 2000.

Upon consideration of the foregoing, it is

ORDERED that the case is recaptioned, as above, to include the veteran as intervenor. It is further

ORDERED that the Secretary's March 10, 2000, motion for revocation of the Court's March 6, 2000, order is granted in part and that that order is revoked as to the requirement that the Secretary file status reports every 60 days on the progress and timetable for completion of the VA administrative proceedings. It is further

ORDERED that, not later than 30 days after the date of service of the Secretary's brief on the intervenor, the intervenor may file, and serve on the appellant and the Secretary, a brief on any matter involved in the combined cases. It is further

ORDERED that, not later than 14 days after service of any brief by the intervenor, the appellant and the Secretary may file responses to the intervenor's brief.

DATED:  May 5, 2000                                     PER CURIAM.