NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**EARNEST ELLIOTT, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7158

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-888, Judge Mary J. Schoelen.

---

Before NEWMAN, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

Earnest Elliott, Jr. appeals from an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus.  We summarily affirm.

In March 2012, Mr. Elliot filed a petition for a writ of mandamus with the Veterans Court alleging that the Department of Veterans Affairs (DVA) failed to timely

process his pending service-connection claims for urinary frequency, obesity, dizziness, erectile dysfunction, chronic lumbosacral strain, right ear hearing loss, bilateral tinnitus, and alcohol dependence. He later amended his petition to include a request to compel the DVA to issue a statement of the case and adjudicate his hallux valgus claim that Mr. Elliott asserted had been pending since April 1998.

Subsequently, a DVA regional office (RO) denied Mr. Elliott entitlement to service connection for alcohol dependence and urinary frequency, granted him a disability rating of 10 percent for chronic lumbosacral strain, and deferred his claims for obesity, erectile dysfunction, dizziness, bilateral tinnitus and right ear hearing loss for further development. The RO also found clear and unmistakable error in a previous rating decision regarding Mr. Elliott's hallux valgus claim, but deferred that claim to obtain a DVA medical opinion.

In light of the RO's decision, the Veterans Court denied Mr. Elliott's petition. With regard to the claims for alcohol dependence, urinary frequency, and chronic lumbosacral strain, the Veterans Court noted that the RO's decision provided Mr. Elliott the relief he sought in his petition, and to the extent Mr. Elliott disagreed with the DVA's decision, he was "free to submit a Notice of Disagreement, thus compelling the RO to issue an SOC and continue the appeals process." The Veterans Court further explained that any delay in adjudication of Mr. Elliott's obesity, dizziness, erectile dysfunction, right ear hearing loss, bilateral tinnitus, and bilateral hallux valgus claims for additional evidence development did not amount to an arbitrary refusal to act. Moreover, the Veteran Court explained, Mr. Elliot was "not without adequate remedy" because he could appeal from any future adverse ruling.

This appeal followed.

We have jurisdiction over the issue of whether the Veterans Court properly denies a petition for writ of mandamus.  28 U.S.C. § 1651(a); *Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998).  A writ of mandamus is an extraordinary remedy and should not be issued unless the petitioner has no other adequate alternative means to attain the desired relief and petitioner has established a clear and undisputable right to relief.  *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

The Veterans Court did not abuse its discretion in determining that Mr. Elliott failed to satisfy the exacting standard for mandamus relief.  The delay in processing his claims in order to obtain further evidence is not unreasonable and he has alternative means of relief for his pending claims because the DVA may grant the claims or, if they are denied, he can then pursue appellate review of any final, adverse Board decision.  Mr. Elliott's claims have either been adjudicated or remanded for further development by DVA.  As such, Mr. Elliott clearly has adequate alternative means to seek all available relief with regard to his claims.

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the Veterans Court is summarily affirmed.

(2)  Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s26