NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARREN L. DEFLANDERS,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2468

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1329, Chief Judge Robert N. Davis.

---

Decided: January 17, 2018

---

DARREN L. DEFLANDERS, Ocean Spring, MS, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before MOORE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Darren DeFlanders appeals from a decision of the U.S. Court of Appeals for Veterans Claims denying his petition for a writ of mandamus. We conclude that the Veterans Court did not abuse its discretion in denying the writ petition. Accordingly, we affirm.

I

Mr. DeFlanders served on active duty in the U.S. Army from August 1989 to June 1996. In 1997, following his discharge from the Army, Mr. DeFlanders filed his initial application for disability compensation with the U.S. Department of Veterans Affairs. He requested compensation for, among other things, post-traumatic stress disorder and bipolar disorder. The VA initially denied these psychiatric disorder claims, as well as the majority of Mr. DeFlanders's other claims.

In the ensuing twenty years, Mr. DeFlanders made multiple requests for the Board of Veterans' Appeals to reopen his various disability claims. Among other things, the Board found that Mr. DeFlanders has a service-connected headache disorder, which was assigned a 10% disability rating. In 2014, Mr. DeFlanders requested that the Board reconsider its denial of a disability rating greater than 10% for his headache disorder and reopen his claims for disability compensation for PTSD and bipolar disorder. The Board denied Mr. DeFlanders's requests on the grounds that he failed to provide any new and material evidence that would justify reopening his claims.

When Mr. DeFlanders appealed the Board's decision to the Veterans Court, however, the VA admitted that the Board failed to consider a 2007 medical opinion that diagnosed Mr. DeFlanders with PTSD. The Veterans Court also found that VA physicians failed to follow the

Board's orders in examining Mr. DeFlanders's headache symptoms. As a result, the Veterans Court vacated these portions of the Board's July 2014 decision and remanded the matter of Mr. DeFlanders's headache and psychiatric disorder claims to the Board for further examination.

This appeal arises from the Veterans Court's remand of Mr. DeFlanders's compensation claims. The court remanded Mr. DeFlanders's claim on January 10, 2017. On May 5, 2017, Mr. DeFlanders petitioned the Veterans Court for a writ of mandamus directing the VA to abide by the court's remand order. The Veterans Court denied Mr. DeFlanders's petition and his appeal to this court followed. We have jurisdiction under 38 U.S.C. § 7292.

II

We have jurisdiction to review Veterans Court decisions to decide "any challenge to the validity of any statute or regulation or any interpretation thereof, and to interpret constitutional and statutory provisions." § 7292(c). Unless relevant to a constitutional issue, we lack jurisdiction to review challenges to factual determinations or applications of a law or regulation to the facts of a particular case. § 7292(d)(2). Nonetheless, we have jurisdiction to review the Veterans Court's rulings on mandamus petitions. *Lamb v. Principi¸* 284 F.3d 1378, 1381 (Fed. Cir. 2002). In reviewing denials of mandamus petitions, we must determine whether the Veterans Court "abused its discretion or committed other legal error." *Id.* at 1384.

The Veterans Court has authority to issue writs of mandamus pursuant to 28 U.S.C. § 1651(a). *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). Due to the extraordinary nature of the remedy, a writ of mandamus may be issued only if three conditions are satisfied. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004). The petitioner must have "no other adequate means to attain the relief," the petitioner must demonstrate a

"clear and indisputable" right to issuance of the writ, and the petitioner must convince the issuing court that exercise of its discretion is appropriate under the circumstances. *Id.* (internal quotation marks and citations omitted).

Here, the Veterans Court did not abuse its discretion or commit other legal error in finding that Mr. DeFlanders failed to satisfy the mandamus conditions. The Veterans Court found that the Board has been actively processing Mr. DeFlanders's headache disorder and psychiatric disorder claims since the mandate for its January remand order issued. The Veterans Court based this finding on the VA's representations that it already assigned a veterans law judge to Mr. DeFlanders's reopened claims and invited Mr. DeFlanders to submit additional evidence. Mr. DeFlanders does not contest this finding. Because the VA is actively processing his claims, the Veterans Court did not abuse its discretion in finding that Mr. DeFlanders failed to prove either that he lacks other adequate means to attain his desired relief or that he has a clear and indisputable right to the writ.

To the extent Mr. DeFlanders seeks more than review of the Veterans Court's denial of his writ petition, we cannot grant his desired remedy. Mr. DeFlanders asks that we rule on the merits of his underlying compensation claims, making numerous arguments about new medical diagnoses, disregarded social security disability decisions, and missing medical records. Our jurisdictional grant, however, precludes review of factual determinations. *See* § 7292(d)(2). Moreover, the Board is currently examining Mr. DeFlanders's reopened headache and psychiatric disorder claims. Accordingly, there is no reviewable

Veterans Court decision with respect to the merits of those claims.[1]  *See* § 7292(a).

## III

For these reasons, we affirm the decision of the Veterans Court.

**AFFIRMED**

COSTS

No costs.

---

[1] For these reasons, Mr. DeFlanders's "motion for consideration," Docket No. 32, which requests this court "grant my claim request for Combat Related Special Compensation" is denied.