NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL S. FREEMAN, II,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2152

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1561, Judge Michael P. Allen.

---

Decided: April 1, 2022

---

MICHAEL S. FREEMAN, II, Colorado Springs, CO, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, PROST, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

The U.S. Court of Appeals for Veterans Claims ("CAVC" or "Veterans Court") denied the petition for extraordinary relief of veteran Michael S. Freeman, II, in which he asked the court to "revoke the status" of Cheryl L. Mason as a "person of good moral character," a requirement for membership in the CAVC bar association. Currently, Ms. Mason serves as the Chair of the Board of Veterans' Appeals ("BVA").

The CAVC held that it does not have subject matter jurisdiction over this petition, for CAVC jurisdiction is established by 38 U.S.C. § 7252(a) and does not include review of the moral character of members of the CAVC bar. The CAVC also observed that the moral character of the Chair of the BVA is not before the court in any appeal from the BVA.

This court reviews decisions of the CAVC pursuant to 38 U.S.C. § 7292(a). This statute authorizes review of a decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [CAVC] in making the decision." *Id.* The Federal Circuit has jurisdiction to review the "Veterans Court's interpretation of its jurisdictional statute, 38 U.S.C. § 7252." *Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002). This also includes the CAVC's interpretation of the All Writs Act. *Cox v. West*, 149 F.3d 1360, 1362 (Fed. Cir 1998). The CAVC correctly held that in order for it to have jurisdiction over a petition under the All Writs Act, the issue must be "within the meaning of section 7252(a)." *Andre*, 301 F.3d at 1360.

Mr. Freeman asks the Federal Circuit to consider this petition independently.  The All Writs Act provides:

> The Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651.  The All Writs Act does not enlarge a court's jurisdiction beyond its statutory assignment.  *See Cox*, 149 F.3d at 1363 ("It is well established that the AWA does not expand a court's jurisdiction.  Rather, as explicitly stated in the AWA itself, the Act provides for the issuance of writs 'in aid of' the jurisdiction already possessed by a court.") (citation omitted); *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed Cir. 1983) ("The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction.").  The All Writs Act also does not expand the jurisdiction of the CAVC or the Federal Circuit.  Thus, the CAVC correctly denied Mr. Freeman's petition and, likewise, we decline to entertain his request.

Mr. Freeman states that the denial of a forum to challenge Ms. Mason's moral character implicates several constitutional issues, including Freedom of Speech, Freedom of Petition, and Due Process.  However, "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that [the court] otherwise lack[s]." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  Mr. Freeman also states that the entire CAVC is biased against him.  We discern no bias in this straightforward implementation of statutory jurisdiction.

The CAVC's denial of Mr. Freeman petition is affirmed.  His petition for extraordinary relief is denied.

**AFFIRMED; PETITION DENIED**

4                                                   FREEMAN v. MCDONOUGH

COSTS

Each party shall bear its own costs.