NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re JACKSON JEAN,**
*Petitioner*

---

2024-125, 2024-126, 2024-127

---

On Petitions for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 24-1121.

---

## ON PETITION AND MOTION

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Jackson Jean petitions for writs of mandamus directing the Department of Veterans Affairs (DVA) to grant his claims for allergic rhinitis, tinnitus, and gastro-esophageal reflux disease (GERD).  He also moves for summary judgment and for leave to proceed *in forma pauperis*.  We now issue a consolidated decision denying his requests.

According to the petitions, the DVA, in December 2023, denied Mr. Jean's claims seeking earlier effective dates for his service-connected allergic rhinitis and tinnitus, informing him of further review procedures within the DVA.  The

filings also indicate that Mr. Jean filed a separate claim seeking entitlement to service connection for GERD and that review of that claim remains pending. *See, e.g.*, ECF No. 2 at 17 in 2024-126 (indicating that the DVA seeks additional medical evidence and opinion).

A party seeking a writ of mandamus bears the burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978). *See also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Jean has not met this demanding standard at least because he may pursue the relief requested through the DVA appeal process or, if warranted, by resort to the United States Court of Appeals for Veterans Claims. *Cf.* 28 U.S.C. § 1651; *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (concluding that the Court of Appeals for Veterans Claims has authority to issue writs in aid of its jurisdiction).

Accordingly,

IT IS ORDERED THAT:

The above-captioned matters are consolidated, and the petitions and all pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 23, 2024
Date