Larry E. BELTON, Sr., Petitioner,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.

No. 98–1225.

United States Court of Appeals for Veterans Claims.

Dec. 7, 1999.

Before NEBEKER, Chief Judge, and STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On July 10, 1998, Larry E. Belton, Sr., filed, through counsel, a motion that the Court construed as a petition for extraordinary relief pursuant to Rule.21 of the Court's Rules of Practice and Procedure. The petition asserts that the Secretary failed to comply with a May 13, 1997, order by this Court that had granted a joint motion for a remand of certain matters that had been appealed to this Court in *Belton v. Brown*, No. 96–142 (May 13, 1997). Specifically, Mr. Belton contends that the Secretary failed to expeditiously arrange and conduct the medical examinations required for the development and adjudication of his claim as ordered by the Court. Because of the delay, Mr. Belton asks the Court to order the Secretary to explain why he has not complied with the Court's mandate, and, if necessary, to exercise its authority to enforce the terms of the joint motion for remand. Mr. Belton further requests that under 38 U.S.C. § 7265(a) the Secretary be held in con-

tempt for VA's failure to comply with the Court's remand order and, as an appropriate sanction, be ordered to pay to Mr. Belton $10,000.

The filings of the parties reveal the following relevant chronology of events. In 1990, Mr. Belton filed a claim for compensation for a service-connected disability. After several denials of his claims by a VA Regional Office (RO) and the Board of Veterans' Appeals (Board or BVA), Mr. Belton filed an appeal with the Court on February 21, 1996. Subsequently, the Court granted the parties' joint motion for remand, which included an agreement that VA would arrange to provide expeditiously to Mr. Belton, then incarcerated in a California state penal institution, all medical examinations necessary to evaluate his claims properly. Since the issuance of that order, Mr. Belton and his counsel assert, the Secretary has failed to take the required expeditious actions to comply with the remand order.

■ This Court has authority to issue extraordinary writs in aid of its jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), *see In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997) (holding United States Court of Appeals for Veterans Claims has authority, in appropriate circumstances, to issue writs under All Writs Act, 28 U.S.C. § 1651(a)), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed.Cir.1998) (affirming all holdings; vacating only for consideration of asserted facts occurring after this Court's opinion). On July 21, 1998, the Court ordered the Secretary to respond to Mr. Belton's petition by August 20, 1998. The Secretary's August 20, 1998, response informed the Court of the following facts, and attached to his response these exhibits in support:

• On May 28, 1997, Mr. Belton's appeal was returned to the Board's docket. Secretary's Response (August 20, 1998), Exhibit (Ex.) 4, 7.

• On August 27, 1997, VA sent a letter to Mr. Belton, offering him 30 days with-

in which to submit additional evidence or the opportunity to waive consideration of such evidence. *Id.* at Ex. 7.

• On September 5, 1997, Mr. Belton sent to VA a letter indicating that if he did not receive a 100% disability award within 8 days, he would file a Federal Tort Claims Act suit against the Secretary. *Id.* at Ex. 8.

• Mr. Belton did not provide additional evidence as allowed in the August 27, 1997 notification. *Id.* at Ex. 9.

• On February 26, 1998, the Board issued a decision that remanded Mr. Belton's claims to the RO for further development. *Id.* at Ex.10.

• On March 6, 1998, the Board forwarded Mr. Belton's claims file to the Oakland, California, RO. *Id.* at 2.

• On March 9, 1998, the Oakland RO sent a letter to Mr. Belton at Salinas Valley State Prison in Soledad, California, requesting certain information concerning his disabilities in order to develop his claim further. *Id.* at Ex. 11. The RO's correspondence notified Mr. Belton of his need to complete a VA Form 21–4142, Release of Authorization, for each California Department of Corrections facility at which he had been treated so that the RO could obtain copies of his prison medical records. *Id.* at Ex. 11.

• On March 24, 1998, the Oakland RO received a letter from Mr. Belton stating that his new address was California State Prison in Represa, California, but the letter provided none of the information requested about his disability. *Id.* at Ex. 13.

The Secretary's August 20, 1998, response also stated that the Secretary would provide 60–day follow-up status reports to the Court "to ensure that the case is appropriately on track." *Id.* at 8.

On March 12, 1999, the Court ordered the Secretary to provide a status report on the progress of Mr. Belton's remanded claims or to show cause why his construed petition for extraordinary relief should not be granted. On April 2, 1999, the Secretary responded (1) that Mr. Belton had not yet answered the RO's request for information or signed and returned the Form(s) 21–4142, (2) that in February 1999 a second development letter was sent to him at his new address at Corcoran State Prison, Corcoran, California, and (3) that he was notified that if he did not respond to that second development letter, the RO would issue a Supplemental Statement of the Case denying his claims because of his failure to cooperate in the adjudication of the claims. Secretary's Response (April 2, 1999), at 1–2. In addition, the Secretary informed the Court that the veteran's claims file had been recalled to VA's Office of General Counsel on July 7, 1998, but that on February 25, 1999, it was returned to the Oakland RO "for review of another, non-appeal issue." *Id.* at 2.

On April 12, 1999, Mr. Belton filed a reply to the Secretary's April 2, 1999, noting that he was now incarcerated at Centinella State Prison, Imperial, California. Petitioner's Reply (April 12, 1999), at 2.

In a response to a May 11, 1999, Court order, the Secretary reported that Mr. Belton's file had been transferred to the San Diego, California, RO (the RO nearest to his most recent place of incarceration) and that "[t]he San Diego RO [would] take necessary steps" to have the petitioner examined in accordance with "the directions contained in paragraph 3 of the BVA's remand order." Secretary's Response (May 25, 1999), at 1–2. The Secretary did not indicate why the examination was to be conducted under terms other than those agreed to by the parties and contained in the joint motion for remand that had been granted by this Court on May 13, 1997. Further, the Secretary informed the Court that VA would pay a fee to the prison's physicians for conducting the medical examinations and that the examinations would be conducted based upon the prison's workload and availability of physicians. The Secretary also noted that photographs might be required to evaluate

the skin claim, but that the prison would not allow the use of cameras. The Secretary did not offer an explanation as to how this obstacle was to be overcome.

On June 24, 1999, the construed petition was referred to the instant panel, which, on August 27, 1999, ordered the Secretary to inform the Court on or before September 10, 1999, whether VA had conducted the necessary examinations as outlined in the joint motion for remand and, if so, to describe the nature of the examinations and by whom they were conducted. This response was to include (1) information on the specific matters raised in the Secretary's May 25, 1999, response, and (2) reports on the progress of the expeditious handling of the examination reports if they were prepared and issued, and on the progress of the adjudication of this matter by the San Diego RO. Additionally, the Court noted that the Secretary had failed to provide a 60–day follow-up status reports since he had filed his May 25, 1999, response.

On September 10, 1999, the Court granted the Secretary an extension of time, until September 24, 1999, to respond to the Court's August 27, 1999, order. On September 22, 1999, the Secretary informed the Court that Mr. Belton's examinations had been conducted on July 20, 1999. It was further reported that based on those examinations and a review of Mr. Belton's claims folder, the RO had granted him service connection for post-traumatic stress disorder rated at 70% disabling and awarded an increase in his rating for a skin condition from 30% to 80%, both effective July 20, 1999. Secretary's Response (Sept. 22, 1999), at 1–2. Accordingly, the Secretary asserted that the petition for extraordinary relief had been rendered moot.

On September 30, 1999, Mr. Belton, through counsel, moved for leave to file a reply to the Secretary's response, and attached thereto such a reply. The Court will grant that motion and file his reply. In his reply, Mr. Belton asserts that his petition for extraordinary relief is not moot because the question of sanctions against the Secretary for failing to expeditiously comply with the Court's May 1997 order is unresolved. Although the Secretary has complied with the Court's remand order and indeed has granted Mr. Belton a substantial increase in VA benefits, Mr. Belton's September 30, 1999, reply pressing the matter of sanctions will be addressed.

## SANCTIONS

This Court has express authority to punish contempt of its authority under the following circumstances:

(1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) misbehavior of any of its officers in their official transaction; or

(3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

38 U.S.C. § 7265(a). Even if Congress had not expressly conveyed the authority to punish for contempt, this Court would have the power to sanction those who abuse the judicial process under the " 'inherent power of the federal courts.' " *Jones v. Derwinski,* 1 Vet.App. 596, 606 (1991) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). However, the Court "must take care to determine that the conduct at issue actually abused the judicial process." *See Jones,* 1 Vet.App. at 607 (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). Additionally, "a finding that the conduct at issue constituted or was tantamount to bad faith is a precondition to imposing sanctions under the Court's inherent power." *Ebert v. Brown,* 4 Vet.App. 434, 437 (1993) (citations omitted).

Mr. Belton, through his counsel, argued in the petition for extraordinary relief that the Secretary be sanctioned for his failure to comply expeditiously with the remand

order. Because the Secretary has acted on the remand order, Mr. Belton cannot show clear entitlement to a writ requiring this Court to order compliance with the remand order, and his petition will be denied as moot. *See In the Matter of the Fee Agreement of Cox,* 10 Vet.App. at 370 (noting that before Court may issue a writ, petitioner must demonstrate (1) clear and indisputable right to the writ and (2) lack of adequate alternative means to obtain the relief sought).

As to the matter of sanctions, "a remand by this Court ... confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders ... [and] imposes upon the Secretary of Veterans Affairs a concomitant duty to ensure compliance with the terms of the remand either personally or as 'the head of the Department.'" *Stegall v. West,* 11 Vet.App. 268, 271 (1998) (quoting 38 U.S.C. § 303). Additionally, this Court has cautioned that incarcerated veterans "are entitled to the same care and consideration given to their fellow veterans." *Bolton v. Brown,* 8 Vet.App. 185, 191 (1995) (quoting *Wood v. Derwinski,* 1 Vet.App. 190, 193 (1991)). Although the Secretary has not in this case followed these two holdings, it does not mean that Mr. Belton has demonstrated that the Secretary's conduct constituted bad faith. *See Ebert, supra.* In this case, VA's attempt to comply with the Court's May 1997 order granting the parties' joint motion for a remand has been neither a model of efficiency nor a model of effective communication. Additionally, the Court notes that the periodic 60–day updates volunteered by the Secretary, when provided, continued to leave unanswered questions concerning the expeditious handling of the remand and thus required further updates. On the other hand, Mr. Belton's incarceration, combined with his frequent transfers within, and security requirements of, the California penal system may have contributed to VA's less than expeditious handling of the matter. Moreover, although Mr.

Belton insists that he provided the consent forms and other documentation as requested in the RO's August 27, 1997, and March 9, 1998, development letters, he concedes that he does not know whether his responses ever left the California penal system. Petitioner's Reply (April 28, 1999), at 2 ("The VARO either received the consent forms and letter and did nothing with them or lost them or did not receive the correspondence ... because it was lost by the U.S. Postal Service or the California state prison system."). The lack of such information may have impaired VA in completing the adjudication in a timely fashion.

Thus, although VA has been inattentive to the Court's orders in this case, the circumstances do not support any findings that the Secretary acted in bad faith before the Court or otherwise disobeyed or resisted these orders. The circumstances here do, however, suggest that VA has difficulty in adapting its overburdened adjudication process to the needs of individual cases that may require administrative flexibility. It appears that the prodding of Mr. Belton's counsel served to awaken the "sleeping giant" from a slumber of many years in connection with these claims first presented almost 10 years ago, thus precipitating the Court's remand order.

On consideration of the foregoing, it is

ORDERED that the petitioner's September 30, 1999, motion to file a reply is granted and his reply will be filed as of the date of this order. It is further

ORDERED that the petition for a writ of mandamus is DISMISSED as moot. It is further

ORDERED that the petitioner's request for sanctions is DENIED.