NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLORIA TREVIÑO,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1601

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2776, Judge Alan G. Lance, Sr.

---

Decided: December 9, 2016

---

JOHN E. RICHARDS, Richards & Valdez, Dallas, TX, for claimant-appellant.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; JESSICA TANNER, SUSAN BLAUERT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant Gloria Treviño appeals the U.S. Court of Appeals for Veterans Claims's ("Veterans Court") denial of her petition for writ of mandamus ("Petition"). *See Treviño v. McDonald* (*Treviño I*), No. 15-2776, 2015 WL 5601399, at *2 (Vet. App. Sept. 23, 2015) (denying Petition); *Treviño v. McDonald* (*Treviño II*), No. 15-2776, 2015 WL 8311033, at *1 (Vet. App. Dec. 4, 2015) (denying reconsideration by single judge, granting panel consideration, and following *Treviño I*); J.A. 69 (Final Judgment). Because we do not have jurisdiction to adjudicate Ms. Treviño's appeal, we dismiss.

## BACKGROUND

Ms. Treviño is a service-disabled veteran who has received treatment from the U.S. Department of Veterans Affairs ("VA") and other non-VA medical providers. Following an exchange of letters with the VA, J.A. 18–41, Ms. Treviño filed suit in the U.S. District Court for the Southern District of Texas ("District Court"), alleging deficient treatment by the VA and seeking reimbursement for expenses associated with her treatment at the non-VA medical providers, J.A. 81–90. The VA moved to dismiss for lack of jurisdiction, and the District Court granted the VA's motion. J.A. 42–49.

Soon thereafter, Ms. Treviño filed the Petition with the Veterans Court alleging, inter alia, deficient treatment by the VA. J.A. 7–10. According to Ms. Treviño, the treatment she received at the VA was so deficient that she was required to seek treatment from the non-VA medical providers and, thus, is entitled to reimbursement for these expenses. J.A. 10–13.

A single judge of the Veterans Court denied Ms. Treviño's Petition because, inter alia, Ms. Treviño had failed to "explain how she had exhausted her *administrative* remedies." *Treviño I*, 2015 WL 5601399, at \*1 (citation omitted). The VA then contacted Ms. Treviño by letter to explain the proper procedure for submitting her claims for reimbursement. J.A. 79–80. Instead of following these procedures, Ms. Treviño moved for reconsideration or panel consideration. J.A. 52–57. The Veterans Court denied her request for reconsideration by the single judge, granted her motion for panel consideration, and determined that Ms. Treviño "fail[ed] to demonstrate that (1) [*Treviño I*] overlooked or misunderstood a fact or point of law prejudicial to the outcome of the [P]etition, (2) there is any conflict with precedential decisions of the [Veterans] Court, or (3) the [P]etition otherwise raises an issue warranting a precedential decision." *Treviño II*, 2015 WL 8311033, at \*1 (citations omitted). Therefore, the Veterans Court followed *Treviño I*. *Id.* Ms. Treviño timely appeals.

## DISCUSSION

When reviewing appeals from the Veterans Court, this court's jurisdiction is limited by statute to "challenge[s] to the validity of any statute or regulation or any interpretation thereof . . . and to interpret[ing] constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). Absent a constitutional issue, we review only questions of law and lack jurisdiction to review factual determinations or the application of law to the particular facts of an appeal. *See id.* § 7292(d)(2). Appeals must present a "non-frivolous legal question" to satisfy our jurisdictional prerequisites. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

Pursuant to the All Writs Act, a writ of mandamus may be issued only "'in aid of' the jurisdiction already

possessed by a court." *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (quoting 28 U.S.C. § 1651(a) (1994)). While we possess jurisdiction to "determine whether the [veteran] has satisfied the legal standard for issuing the writ," we may "not review the factual merits of the veteran's claim." *Beasley*, 709 F.3d at 1158.

The present appeal does not involve a non-frivolous legal question as to whether Ms. Treviño satisfied the legal standards for issuing a writ of mandamus. Ms. Treviño restates facts similar to those included in her Petition and argues that the Veterans Court provided an "incomplete" analysis and disregarded a "set of facts" that, "taken in their totality[,] contra[di]ct the opinion" of the Veterans Court. Appellant's Br. 8, 10. However, Ms. Treviño never argues that either the All Writs Act or any other statute or regulation is *invalid* or that the Veterans Court *misinterpreted* a legal provision. Thus, Ms. Treviño's arguments "challenge . . . a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), and we lack jurisdiction to resolve such disputes.

Finally, Ms. Treviño's attempts to analogize her Petition to pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6) are similarly unpersuasive. Rather than presenting an issue reviewed de novo like a Rule 12(b)(6) motion, *see, e.g.*, *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012), the issuance of the writ "is in large part a matter of discretion with the court to which the petition is addressed," *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (internal quotation marks and citation omitted). And rather than pleading "[f]actual allegations . . . [that] raise [the] right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), a petitioner for a writ of mandamus must show, inter alia, "a clear legal right to relief," *Beasley*, 709 F.3d at 1157. The application of Rule

12(b)(6) standards to Ms. Treviño's Petition is without foundation in law.

## CONCLUSION

We have considered Ms. Treviño's remaining arguments and find them unpersuasive. Accordingly, we find that we lack jurisdiction and that this appeal is

## **DISMISSED**

### COSTS

Each party shall bear its own costs.