NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WASHINGTON WINDSOR,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1491

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-6701, Judge Grant Jaquith.

---

Decided: January 9, 2026

---

WASHINGTON YKJ WINDSOR, Suwanee, GA, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, WALLACH, and STARK, *Circuit Judges*.

PER CURIAM.

Pro se appellant Washington Windsor appeals from an order of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. We affirm.

I

Mr. Windsor served on active duty in the United States Army from March 2015 until July 2015. S. App'x 10.[1] In August 2022, Mr. Windsor applied for vocational rehabilitation services ("VR&E") under chapter 31, title 38 of the United States Code. *See generally* 38 U.S.C. §§ 3100-3122. In response to Mr. Windsor's application, the Department of Veterans Affairs ("VA") scheduled an initial orientation meeting for November 8, 2022. Mr. Windsor did not attend the meeting, so the VA sent Mr. Windsor a letter attempting to reschedule and warning that if he did not contact the assigned case manager within 10 days, the agency would assume that he no longer wanted VR&E services. Mr. Windsor did not contact the VA in the 10-day window. Thus, on November 29, 2022, the VA sent him another letter explaining that his VR&E claim was denied. The VA expressly stated that Mr. Windsor could reapply for VR&E services in the future.

Mr. Windsor timely appealed the denial to the Board of Veterans' Appeals ("Board") in December 2022. On September 17, 2024, while his appeal before the Board was still pending, Mr. Windsor filed a petition in the Veterans Court seeking a writ of mandamus based on allegedly unlawful delay by the VA in the resolution of his VR&E claims. On

---

[1]    S. App'x refers to the supplemental appendix filed with the government's informal response brief. *See* ECF No. 11. We have also considered Mr. Windsor's recently-filed Memorandum In Lieu of Oral Argument. ECF No. 20.

October 30, 2024, before the Veterans Court resolved the mandamus petition, the Board remanded Mr. Windsor's claim to the pertinent VA regional office "for correction of a pre-decisional error," as doing so was necessary to ensure that the agency obtained all relevant records and could include them in the case file. S. App'x 9-12. On December 19, 2024, the Secretary filed his response to the mandamus petition, arguing that the delay in adjudication of the VR&E claim was not unreasonable and explaining that the Board had already remanded the claim for further development. On December 31, 2024, Mr. Windsor filed a reply brief in support of his petition.

On January 31, 2025, the Veterans Court denied the mandamus petition. The court first noted its authority to issue writs of mandamus in aid of its jurisdiction under the All Writs Act, including writs to "compel action of the Secretary unlawfully withheld or unreasonably delayed." S. App'x 1-2 (citing 28 U.S.C. § 1651(a); *see also* 38 U.S.C. § 7261(a)(2)); *Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998) (noting power to issue writ of mandamus in aid of jurisdiction pursuant to All Writs Act extends to Veterans Court). The court, however, ultimately concluded that Mr. Windsor had not demonstrated entitlement to the extraordinary remedy of mandamus under *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018), and *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*").[2]

---

[2]    In *Martin*, we held that *TRAC* sets forth the proper analytical framework to decide "whether [an] agency's delay is so egregious as to warrant mandamus." The six *TRAC* considerations are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress

The court found that three of the *TRAC* considerations weighed against granting the petition. First, the court concluded that the VA's actions were not unreasonable under the circumstances because the "VA has taken the appropriate steps to adjudicate the petitioner's pending appeal, to include docketing his appeal with the Board and providing him notice that his appeal was remanded by the Board for additional development." S. App'x 2. Second, Congress had not set forth a specific timetable governing VA processing of VR&E claims. Third, issuing the writ would, in the court's view, impact other VA activities because the delay Mr. Windsor encountered was "the unavoidable result of the 'practical realities of the burdened veterans' benefits system.'" S. App'x at 3 (quoting *Martin*, 891 F.3d at 1347).

The court determined that two other *TRAC* considerations favored Mr. Windsor: intolerance of delay when health and human welfare are at stake, and the nature and

---

has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Martin*, 391 F.3d at 1345-46 (quoting *TRAC*, 750 F.2d at 80; internal quotation marks omitted).

extent of the interests prejudiced by delay (i.e., "human health and welfare"). S. App'x 2-3.

The court concluded by acknowledging it was "sympathetic to Mr. Windsor's frustration with the speed at which his appeal has proceeded." S. App'x 3. It explained, however, that our precedents disfavor mandamus relief and, accordingly, denied the petition.

Mr. Windsor timely appealed. We have jurisdiction under 38 U.S.C. § 7292(a).

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292(a). We review legal determinations, including the interpretation of a regulation or statute, without deference, but have no jurisdiction to review the Veterans Court's factual determinations or application of law to fact. We may, however, "review the [Veterans Court's] decision whether to grant [or deny] a mandamus petition that raises a non-frivolous legal question." *Beasley v Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). In doing so, we "determine whether the petitioner has satisfied the legal standard for issuing the writ," but we do not "review the factual merits of the veteran's claims." *Id.* Ultimately, we review the Veterans Court's denial of a mandamus petition for abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).

## III

Mr. Windsor presents three arguments on appeal, but none warrants reversal.

First, Mr. Windsor asserts that the Secretary "materially misrepresented the procedural status" of his VR&E claim by characterizing it as moot. Open. Br. at 6-7. Mr. Windsor relatedly argues that the Veterans Court erred by

"allowing mootness to be declared while the harm remained ongoing and unredressed." Open. Br. at 17. But the Veterans Court did not dismiss Mr. Windsor's mandamus petition as moot; rather, it applied the correct legal framework to deny the petition on the merits. Mr. Windsor's mootness arguments are, therefore, irrelevant.

Second, Mr. Windsor argues that the Veterans Court gave undue "deference to unsworn, conclusory assertions by the government" in determining that his claim had been resolved by the intervening Board remand to the VA. Open. Br. at 7, 12-13 These arguments are not supported by the record. There is no indication that the Veterans Court held or implied that Mr. Windsor's VR&E claim was "resolved" by the remand from the Board to the VA; the Veterans Court noted, instead, that Mr. Windsor's claim was still pending before the agency. *See* S. App'x 1 ("[T]he Board remanded the petitioner's claim for further development."); *see also id.* (citing Board's remand order); *id.* at 18-20 (declaration of Board's deputy vice chairman describing procedural history, including that Mr. Windsor's claim was remanded to Board; not noting anywhere that his claim had been resolved). There is simply no evidence that the Veterans Court relied on evidence outside the record or on unsworn attorney argument to justify its denial of Mr. Windsor's petition.

Finally, Mr. Windsor contends that the Veterans Court's abused its discretion in its assessment of the merits of his mandamus petition. In his view, "every *TRAC* factor tilts in favor of intervention" by the Veterans Court and an order that the VA improperly delayed. Open. Br. at 12. We have no jurisdiction to review the Veterans Court's application of the correct legal standard to the particular facts presented by Mr. Windsor's case. *See Beasley*, 709 F.3d at 1158 (holding we can "determine whether the [veteran] has satisfied the legal standard for issuing the writ" but cannot "review the factual merits of the veteran's claim"). The Veterans Court applied the correct legal standard. It

began by reciting the requirements for mandamus relief set out by the Supreme Court in *Cheney v. United States District Court*, 542 U.S. 367, 380-81 (2004),[3] and then turned to the context-specific analysis we apply to mandamus petitions predicated on unlawful agency delay under *TRAC*. The Veterans Court concluded that "compelling action on the part of the VA at this juncture would not be appropriate, as [Mr. Windsor] still maintains . . . adequate alternative means to obtain the relief he seeks." S. App'x 3. Mr. Windsor has not explained how or why this determination amounts to an abuse of discretion, and we conclude that it does not. *See Lamb*, 284 F.3d at 1384 (concluding petitioner "has not shown that, in denying mandamus, the Veterans Court abused its discretion or committed other legal error").

In sum, Mr. Windsor is not entitled to mandamus relief.

## IV

We have considered Mr. Windsor's remaining arguments and find them unpersuasive.[4] Accordingly, we affirm the Veterans Court.

---

[3] Under *Cheney*, a petitioner seeking mandamus must demonstrate that: (1) he has "no other adequate means to attain the relief he desires," (2) "his right to issuance of the writ is clear and indisputable," and (3) issuance of the "writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380-81 (internal citations, quotation marks, and alterations omitted).

[4] Mr. Windsor suggests the delay here was so egregious that it amounts to a due process violation. However, as we have explained, when a court "employing the *TRAC* analysis, finds a delay unreasonable (or not unreasonable)

**AFFIRMED**

COSTS

No costs.

---

it need not separately analyze the due process claim based on the same delay." *Martin*, 891 F.3d at 1348-49 (quoting and citing *Viet. Veterans of Am. v. Shinseki*, 599 F.3d 654, 660 (D.C. Cir. 2010); emphasis omitted).  Mr. Windsor also asserts the VA has not taken any post-remand action on his VR&E claim, and we should factor this continuing delay into our analysis.  These developments are not in our record.