NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARREN L. DEFLANDERS,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7037

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1182, Judge Mary J. Schoelen.

---

Decided: June 9, 2014

---

DARREN L. DEFLANDERS, of Pascagoula, Mississippi, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant

General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

PER CURIAM.

Darren L. DeFlanders ("DeFlanders") appeals from the decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decisions of the Board of Veterans' Appeals ("the Board"): (i) finding that DeFlanders had not submitted new and material evidence sufficient to reopen claims for service-connected disability compensation for a left knee disability and spots on the lungs; (ii) denying compensation for spots on the brain; and (iii) denying a disability rating in excess of 10% for non-cardiac chest pain. *See DeFlanders v. Shinseki*, No. 12-1182, 2013 WL 5614273 (Vet. App. Oct. 15, 2013), *reconsideration denied*, 2013 WL 6184935 (Vet. App. Nov. 22, 2013). Because DeFlanders's arguments challenge only factual findings and an application of law to fact, we *dismiss* for lack of jurisdiction.

## BACKGROUND

DeFlanders served on active duty in the U.S. Army from 1989 to 1996. Following his separation from service, DeFlanders sought disability compensation for at least 28 conditions, including a bilateral knee disability, lung spots, post-traumatic stress disorder ("PTSD"), and substance abuse. Resp't's App. 83–85. In 2006, following various challenges to the Board resulting in numerous remands to the Department of Veterans Affairs ("VA") Regional Office ("RO") and subsequent determinations, the Board denied service-connected disability compensation for most of those claims, including the claims for a knee disability, lung spots, PTSD, and substance abuse. *DeFlanders*, 2013 WL 5614273, at *1. DeFlanders did not appeal the Board's 2006 decision and it became final. *Id.*

DeFlanders then sought to reopen his claims for the knee disability, lung spots, and PTSD, and raised new claims requesting compensation for, *inter alia*, spots on the brain, bipolar disorder, an evaluation in excess of 10% disability rating for non-cardiac chest pain, and alcohol dependence and cannabis and cocaine abuse, the latter claimed together as substance abuse or "drug addiction." *Id.* The RO notified DeFlanders that his old claims could not be reopened without new and material evidence and advised him regarding the information that would be required to substantiate his new claims. *See* Resp't's App. 28–29. DeFlanders submitted medical records documenting treatment for his knees and for a lung condition, in addition to personal testimony. *See id.* at 32. The RO subsequently determined that DeFlanders had failed to submit new and material evidence sufficient to warrant reopening his claims relating to the knee disability and lung spots and also denied his claims relating to brain spots, substance abuse or drug addiction, PTSD, bipolar disorder, and the higher rating for non-cardiac chest pain. *DeFlanders*, 2013 WL 5614273, at *1–2.

DeFlanders again appealed to the Board. In 2011, the Board characterized his claims for PTSD and bipolar disorder as a single claim for an acquired psychiatric disability and remanded that claim and several others for further examination. Resp't's App. 24–25, 41–50. The Board denied DeFlanders's other claims, including service connection for brain spots, the request to reopen his claims for lung spots and knee disability, and the request to increase his rating for non-cardiac chest pain above 10%. *Id.* at 40–41; *DeFlanders*, 2013 WL 5614273, at *2. The Board explained that DeFlanders's proffered evidence was not material because it did not provide a link to his military service and was redundant and cumulative of evidence already of record. Resp't's App. 32–33. The Board's decision did not address the claim for substance abuse or drug addiction because DeFlanders did not

specifically mention that claim on his appeal form, which indicated that it had been withdrawn. Resp't's App. 21–22, 51–53, 56; *DeFlanders*, 2013 WL 5614273, at *2.

DeFlanders then appealed to the Veterans Court, specifically identifying only four issues for the court's review: brain spots, lung spots, knee disability, and substance abuse or drug addiction. *DeFlanders*, 2013 WL 5614273, at *2. First, the Veterans Court held that DeFlanders had abandoned his claim for an increased disability rating for non-cardiac chest pain because it was not identified in his informal brief as an issue for appeal and he did not make any specific argument challenging the Board's determination in that regard. *Id.* at *3. Secondly, the court vacated what it characterized as the Board's "implicit finding" that DeFlanders had not filed a substantive appeal on his claim for substance abuse or drug addiction, concluding that it was unable to review the Board's reasoning for that decision, and remanded that matter for readjudication consistent with VA regulations. *Id.* at *5. Third, the court held that the Board's denials of DeFlanders' requests to reopen his claims for a knee disability and lung spots were not clearly erroneous and were supported by adequate reasons and bases. *Id.* at *6–9. Finally, the court affirmed the Board's denial of service-connected disability compensation for brain spots, concluding that the Board had considered the relevant evidence and had adequately explained its determination. *Id.* at *9.

In a subsequent order, the Veterans Court denied DeFlanders's motion for reconsideration on the bases that the court's initial decision (i) did not overlook or misunderstand a fact or point of law prejudicial to the outcome, (ii) did not conflict with a precedential decision of the court, and (iii) did not raise an issue warranting a precedential decision. *DeFlanders*, 2013 WL 6184935, at *1. The Veterans Court thus ordered that its initial decision would remain the decision of the court. *Id.*

DeFlanders then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited.  We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision.  38 U.S.C. § 7292(a).  Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* at § 7292(d)(2).

DeFlanders argues here that the Veterans Court did not correctly consider new evidence of knee surgery and an error relating to that evidence.  Appellant's Br. 1.  He also asserts that he did not abandon his claim for a higher rating for non-cardiac chest pain, that the court's decision to remand the substance abuse or drug addiction claim was "not fairly done," and that the RO and the Board did not provide him with adequate assistance.  *Id.* at 1–2.

However, DeFlanders's arguments challenge only the Veterans Court's application of law to the facts of his case, which are matters outside of our jurisdiction.  *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence . . . are factual determinations committed to the discretion of the factfinder.  We lack jurisdiction to review those determinations.").  The Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation, nor did the court decide a constitutional issue.  Rather, the Veterans Court merely applied the governing law to the facts of DeFlanders's case.  The court applied established law to the facts to determine that the Board's decision that DeFlanders had not presented new and material evidence to warrant reopening of

his claims for a knee disability and lung spots was not clearly erroneous. *DeFlanders*, 2013 WL 5614273, at \*6–9 (citing 38 U.S.C. §§ 5108, 7104(b), 7105(c); 38 C.F.R. § 3.156(a); *United States vs. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007)). Likewise, the court applied established law to the facts in affirming the Board's denial of service-connection for brain spots. *Id.* at \*9 (citing *Davidson v. Shinseki*, 581 F.3d 1313, 1316 (Fed. Cir. 2009)).

The court applied its own procedural rules to conclude that DeFlanders had abandoned the issue of non-cardiac chest pain. *Id.* at \*3. But because the Veterans Court did not interpret a statute or regulation in the application of its procedural rules, we also cannot review that decision. *See* 38 U.S.C. § 7292(a), (d)(2); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007); *Ferguson v. Principi*, 273 F.3d 1072, 1074–75 (Fed. Cir. 2001). We also generally do not review the Veterans Court's remand orders because they are not final decisions and the court here did not make any legal decisions regarding DeFlanders' substance abuse or drug addiction claim other than to remand it. *See Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012); *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

We likewise do not possess jurisdiction to entertain arguments that the VA did not fulfill its duty to assist under the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000) ("VCAA"). Although DeFlanders does not explain what either the RO or the Board failed to do in assisting him, whether the VA has fulfilled its duty to assist under the VCAA is typically a question of fact. *See Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007) (regarding notice requirements under 38 U.S.C. § 5103(a)); *DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008) (regarding duty to assist under 38 U.S.C. § 5103A).

We have considered the additional arguments presented in DeFlanders' informal appeal brief but do not find them persuasive. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction over the arguments raised by DeFlanders.

**DISMISSED**

COSTS

No costs.

FOR THE COURT


/s/ Daniel E. O'Toole

Daniel E. O'Toole
Clerk of Court