NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARREN L. DEFLANDERS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1969

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6858, Chief Judge Robert N. Davis.

---

Decided: December 11, 2019

---

DARREN L. DEFLANDERS, Ocean Spring, MS, pro se.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; MARTIE ADELMAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Per Curiam.

Darren DeFlanders filed a petition for extraordinary relief with the Court of Appeals for Veterans Claims (Veterans Court), principally challenging the length of time the Department of Veterans Affairs (VA) was taking to rule on his claims for disability benefits. The Veterans Court treated the petition as a request for mandamus relief and denied the petition. Finding no abuse of discretion under the demanding standards for mandamus relief, we affirm the denial. Mr. DeFlanders raises several additional claims in his appeal to this court, but we lack jurisdiction over those claims, which we therefore dismiss.

I

A

Mr. DeFlanders served on active duty in the United States Army from 1989 to 1996. In 1997, he filed with the VA an initial application for disability compensation, asserting at least 28 disabilities. In 1998, a regional office of the VA denied the majority of those claims. After an extensive series of appeals, the VA eventually determined that Mr. DeFlanders met the requirements for compensation for a number of disability-causing conditions, including polyarthralgia of the shoulders, hips, ankles, and feet; a headache disorder; frequent bowel movements; and lateral epicondylitis of the left elbow. Mr. DeFlanders continued to appeal several unfavorable determinations of the regional office and the Board of Veterans' Appeals.

In 2006, Mr. DeFlanders received an unfavorable decision from the Board on claims involving psychiatric disabilities and substance abuse. Mr. DeFlanders did not appeal that decision. In 2010, the VA regional office made a similar negative determination regarding a psychiatric disability and also denied Mr. DeFlanders an increased

disability rating for his lateral epicondylitis of the left elbow. In 2011, the Board remanded the matter for the regional office to determine whether new and material evidence had been submitted regarding the psychiatric-disability claim and to reopen the claim if warranted. The Board did not address the claim based on substance abuse, but the Veterans Court remanded for the Board to consider that claim. When Mr. DeFlanders appealed to this court, we dismissed the appeal for lack of jurisdiction. *DeFlanders v. Gibson*, 566 F. App'x 953 (Fed. Cir. 2014). In 2014, the Board determined that there was no new and material evidence regarding the asserted psychiatric disability. In 2015, the Board made a similar determination regarding the substance-abuse claim. In January 2017, the Veterans Court vacated the Board's decision refusing to reopen the psychiatric-disability claim. On remand, the Board noted that the VA Appeals Management Center had recently granted both of those claims. Therefore, the Board considered the issues resolved.

Some aspects of Mr. DeFlanders's claims, it appears, have not yet been resolved. According to a statement of the case prepared by the VA in March 2019, there are continuing disputes about the compensation rating and effective date regarding the psychiatric disability and substance abuse, the effective date and compensation rating for left breast gynecomastia, and whether shortness of breath is connected to his military service.

B

In October 2018, Mr. DeFlanders filed a petition for extraordinary relief—in the nature of a request for a writ of mandamus—with the Veterans Court. Mr. DeFlanders argued principally that his petition should be granted because the VA had unreasonably delayed the adjudication of his outstanding claims. He also asked the court to compel the VA to pay him $3 million either as compensation for an

alleged breach of confidentiality or, alternatively, as a settlement of his outstanding disability claims.

Considering Mr. DeFlanders's underlying claim of undue delay of agency action, the Veterans Court applied the legal framework for such claims articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (*TRAC*). The Veterans Court concluded that Mr. DeFlanders did not establish entitlement to mandamus relief based on the *TRAC* framework. *DeFlanders v. Wilkie*, 2019 WL 1893323, at *2 (Vet. App. 2019). The court also concluded that it lacked jurisdiction over claims arising from breaches of confidentiality and that it lacked any separate equitable power to award Mr. DeFlanders money as a settlement for his outstanding claims (which are to be adjudicated through the statutorily prescribed process of Board decisions and Veterans Court review of such decisions). *Id.* at *3.

Mr. DeFlanders now appeals the denial of his petition.

## II

Congress has given this court limited subject matter jurisdiction over appeals from the Veterans Court. *See* 38 U.S.C. § 7292. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." *Id.*, § 7292(a). We do not have jurisdiction to "review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue." *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005) (citing 38 U.S.C. § 7292(d)(2)). We have jurisdiction to review the Veterans Court's rulings on mandamus petitions. *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002). We review a denial of mandamus for abuse of discretion. *Id.* at 1384.

A

The Veterans Court has authority, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "to issue writs of mandamus in aid of its jurisdiction." *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). Issuance of a writ of mandamus is a drastic and extraordinary remedy, reserved for exceptional circumstances. *Cheney v. U.S. District Court for D.C.*, 542 U.S. 367, 380 (2004). In a case like this one, issuance of the writ would require Mr. DeFlanders to show that he had "no other adequate means" to obtain relief, that he had a "clear and indisputable" right to issuance of the writ, and that the writ is appropriate under the circumstances. *Id.* at 380–81.

1

When an allegedly unreasonable delay is the basis of a mandamus petition, we have analyzed the petition's merits within the framework of *TRAC*. *See Martin v. O'Rourke*, 891 F.3d 1338, 1344–45 (Fed. Cir. 2018) (citing *TRAC*). We have included the following principles in the analysis: (1) The time the agency takes to make decisions must be governed by a "rule of reason." (2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, the statutory scheme may supply content for the rule of reason. (3) Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake. (4) The court should consider the effect that expediting delayed action might have on other required agency activities. (5) The court should also consider the nature and extent of the interests prejudiced by the delay. (6) To find unreasonable delay, the court need not find any impropriety behind the delay on the agency's part. *Id.*

Here, the Veterans Court neither committed legal error nor otherwise abused its discretion in finding that mandamus was not warranted. The court appropriately considered the *TRAC* factors and found that, even though the

nature and extent of Mr. DeFlanders's interest weighed in favor of issuing a writ, the VA's delay was a result of its attempt to comply with its legal duties using its fixed and limited resources. *DeFlanders*, 2019 WL 1893323, at \*2. We have not been shown that the Veterans Court abused its discretion in so concluding, considering the *TRAC* principles under the demanding standard for mandamus. Therefore, we affirm the Veterans Court's denial of the request for extraordinary relief based on the asserted undue delay.

2

The All Writs Act gives the Veterans Court power to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[]." 28 U.S.C. § 1651(a); *see Cox*, 149 F.3d at 1363. The Veterans Court's jurisdiction is granted by 38 U.S.C. § 7252, which authorizes the court to "affirm, modify, or reverse a decision of the Board." 38 U.S.C. § 7252(a). Section 7252 does not provide the Veterans Court authority to award Mr. DeFlanders money damages for a breach of confidentiality. Thus, a writ granting Mr. DeFlanders's request for such damages would not be "in aid of" the Veterans Court's jurisdiction. We affirm the court's determination that it lacked the power to grant this relief.

B

In his informal brief, Mr. DeFlanders also appears to challenge specific rulings of the VA on his benefits claims. In particular, he refers to claims relating to "severe chronic back pain," "memory loss," "Risperdal," "lung disease," and "left shoulder/left breast." Appellant Br. at 1. But we lack jurisdiction to address such claims, for at least the following reasons.

To the extent that Mr. DeFlanders's claim for "severe chronic back pain" refers to his earlier polyarthralgia claim, the Veterans Court previously affirmed the Board's denial of an increased disability rating. *DeFlanders v.*

*McDonald*, 2017 WL 83645, at \*6 (Vet. App. 2017). Mr. DeFlanders later withdrew his appeal of the Veterans Court's decision. *DeFlanders v. Shulkin*, 2017 WL 3951872, at \*1 (Fed. Cir. 2017). That decision is not properly before us now.

To the extent that Mr. DeFlanders's claims relating to "memory loss," "Risperdal," "lung disease," and "left shoulder/left breast" disabilities refer to his claims relating to post-traumatic stress disorder, headaches, shortness of breath, and left breast gynecomastia, each of those claims is currently on appeal to the Board. S.A. 45–91. The Veterans Court has not yet rendered a decision on those claims, which we therefore lack jurisdiction to address. 38 U.S.C. § 7292.

Mr. DeFlanders also appears to contest the VA's determination that certain determinations by the Social Security Administration do not constitute new and material evidence. Appellant Br. at 1. But we lack jurisdiction to review such determinations outside the prescribed channel of appeals from Veterans Court reviews of particular Board claims decisions. Further, the challenge, as Mr. DeFlanders frames it, is merely to the application of the "new and material evidence" standard to particular facts, a challenge we lack jurisdiction to address. *See Routen v. West*, 142 F.3d 1434, 1437 (Fed. Cir. 1998).

The remainder of Mr. DeFlanders's claims—including those asserted in his supplemental submissions, *e.g.*, ECF Nos. 52, 53, 54, 55, 56, 58, and 59—are similarly outside our jurisdiction. Our jurisdiction here is limited to the propriety of the Veterans Court's denial of the mandamus petition. Therefore, we dismiss Mr. DeFlanders's other claims and requests for relief. Mr. DeFlanders's motion for expedited relief, ECF No. 41, is moot. All pending motions are denied.

## III

For the foregoing reasons, we affirm the Veterans Court's denial of mandamus, and we dismiss the appeal as to other issues.

The parties shall bear their own costs.

**AFFIRMED IN PART AND DISMISSED IN PART**