NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILLIP A. JONES,**
*Claimant-Appellant*

v.

**DAT TRAN, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1571

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5422, Chief Judge Margaret C. Bartley.

---

Decided: February 9, 2021

---

PHILLIP A. JONES, Atlanta, GA, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, MAYER, and CHEN, *Circuit Judges*.

PER CURIAM.

Phillip A. Jones appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Jones v. Wilkie*, No. 19-5422, 2019 U.S. App. Vet. Claims LEXIS 1877 (Oct. 25, 2019) ("*Veterans Court Decision*"). For the reasons discussed below, we affirm.

## BACKGROUND

Jones filed a petition for a writ of mandamus with the Veterans Court on August 5, 2019. His petition asserted that mandamus was necessary to compel the Department of Veterans Affairs ("VA") to expeditiously process his claim for service connection for bilateral hand conditions in accordance with the terms of a joint motion for remand granted by the Veterans Court in July 2015. Jones also requested that the Veterans Court hold the Secretary in contempt for allegedly forcing him to enter his appeal into the Rapid Appeals Modernization Program, Pub. L. No. 115-55, 131 Stat. 1105 (2017). Additionally, Jones asked the court to issue "an emergency injunction to sustain [his] claims submitted [] 10/15/2018." *Veterans Court Decision*, 2019 U.S. App. Vet. Claims LEXIS 1877, at *1 (citation and internal quotation marks omitted).

On October 25, 2019, the Veterans Court denied Jones' petition, stating that he had "failed to demonstrate entitlement to a writ of mandamus on any basis." *Id*. at *4. According to the court, Jones had not demonstrated that a writ compelling the VA to expeditiously process his claim for service connection for bilateral hand conditions was warranted given that both the VA Regional Office ("RO") and the Board of Veterans' Appeals ("board") had "actively processed" his claim "without unreasonable delay." *Id*. at *5. Since Jones had appealed his claim to the board, moreover, the court concluded that he had "failed to

demonstrate that he lack[ed] adequate alternative means to obtain a more favorable decision on" that claim. *Id.* at *6.

The Veterans Court further concluded that Jones had failed to show that the VA coerced him into entering his claim for bilateral hand conditions into the Rapid Appeals Modernization Program "or otherwise committed an offence necessitating a contempt order." *Id.* Finally, the court determined that to the extent Jones was seeking "an injunction to 'sustain' the grants of service connection for degenerative arthritis of the lumbar spine and right lower extremity radiculopathy, no judicial action [was] necessary because the VA cannot, absent a finding of clear and unmistakable error in the October 2018 RO decision, reverse those grants on appeal." *Id.* at *7–8. Jones subsequently appealed to this court.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is limited. We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Except where a constitutional claim is raised, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

Under the All Writs Act, a petitioner may seek a writ of mandamus from the Veterans Court. *See* 28 U.S.C. § 1651(a); *Martin v. O'Rourke*, 891 F.3d 1338, 1342–43 (Fed. Cir. 2018); *Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998). Importantly, however, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). The writ should be granted only where: (1) the petitioner has "no other adequate means to attain" the desired relief; (2) the petitioner can establish

that the right to the relief is "clear and indisputable"; and (3) the issuing court, exercising its discretion, determines that the remedy "is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for the Dist. of D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted). Furthermore, where, as here, the petitioner seeks relief from "unreasonable delay" in a VA proceeding, the Veterans Court must additionally evaluate the factors set out in *Telecommunications Research and Action Center v. Federal Communications Commission* ("*TRAC*"), 750 F.2d 70, 79 (D.C. Cir. 1984) (explaining that the overarching inquiry in analyzing a claim of unreasonable delay is "whether the agency's delay is so egregious as to warrant mandamus" and identifying six factors relevant to addressing this question); *see Martin*, 891 F.3d at 1348 (holding that the *TRAC* factors provide an appropriate framework for analyzing mandamus petitions alleging unreasonable delay in VA proceedings).

Although Jones is understandably frustrated by the delays in processing his claim, we discern no legal error in the Veterans Court's decision to deny his petition for a writ of mandamus. *See Mote v. Wilkie*, 976 F.3d 1337, 1340 (Fed. Cir. 2020) ("The proper legal standard for the Veterans Court to use in deciding mandamus petitions is an issue within this court's jurisdiction."). The Veterans Court applied the *TRAC* factors in assessing whether Jones was entitled to a writ compelling the VA to more expeditiously process his claim seeking service connection for bilateral hand conditions. *See Veterans Court Decision*, 2019 U.S. App. Vet. Claims LEXIS 1877, at *3–6. It determined, however, that issuance of the writ was not justified because neither the board nor the RO had unreasonably delayed in processing that claim. *Id.* at *5. In this regard, the Veterans Court concluded that although the RO did not decide Jones' claim "within its stated goal of 125 days after [he] opted into [the Rapid Appeals Modernization Program]," the "RO's July 2019 decision list[ed] over three pages of

evidence received and development activities undertaken following the [Veteran Court's] remand that appear[ed] to justify deviation from that timeline." *Id.* As we have previously made clear, in determining whether a delay is so egregious as to warrant the issuance of a writ of mandamus, a court may properly "consider whether the delays are due in part to the VA's statutory duty to assist a claimant in developing his or her case." *Martin*, 891 F.3d at 1346.

On appeal, Jones argues that the Veterans Court erred in failing to review certain documentation related to his claim that he was "coerced" into submitting his claim for bilateral hand conditions into the Rapid Appeals Modernization Program. The fact that the Veterans Court did not specifically discuss every document submitted by Jones, however, does not mean that the court did not adequately assess the issue of whether he was coerced into submitting his claim into the Rapid Appeals Modernization Program. *See, e.g.*, *Gonzales v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000). To the extent Jones asks this court to reweigh the evidence regarding his claim that the VA "lure[d]" him into participating in the program, moreover, we are, as discussed previously, without jurisdiction to "review the factual merits of [a] veteran's claim" or to otherwise "interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

In his appeal brief, Jones asks this court to compel the VA to award him service connection for his bilateral hand conditions and to assign an October 2010 effective date for that award. He also requests that we award him compensation for peripheral neuropathy. A writ of mandamus, however, may not be used as an alternative appellate pathway. *See, e.g.*, *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) ("The office of a writ of mandamus [may not] be enlarged to actually control the decision of the trial

court rather than used in its traditional function of confining a court to its prescribed jurisdiction."); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002) (explaining that a writ of mandamus cannot be used as a substitute for an appeal). We have considered Jones' remaining arguments but do not find them persuasive.

## CONCLUSION

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is affirmed.

## **AFFIRMED**

## COSTS

No costs.