NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PATRICK HASSAN,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1013

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4733, Judge Joseph L. Toth.

---

Decided: June 5, 2024

---

JOHN HASSAN, Center Moriches, NY, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before LOURIE, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM

John Patrick Hassan appeals *pro se* from the order of the United States Court of Appeals for Veterans Claims ("Veterans Court") that denied his petition for extraordinary relief in the form of a writ of mandamus. *Hassan v. McDonough*, No. 23-4733, 2023 WL 5364049 (Vet. App. Aug. 22, 2023) ("*Decision*"). For the following reasons, we *dismiss* for lack of jurisdiction.

## BACKGROUND

The present appeal arises from a dispute between Hassan and the Department of Veterans Affairs (the "VA") over a mid-June 2023 decision by the VA to deny his request for an iPad. *See* Appellant's Inf. Br. at 1; *Decision* at *1. Hassan's VA social worker declined to request an iPad for his use because, based on the social worker's understanding, Hassan wished to use the iPad for personal hobbies rather than telehealth services. *Decision* at *1. Two weeks after this interaction, Hassan submitted a Notice of Disagreement ("NOD") to the Board of Veterans' Appeals (the "Board"), initiating an appeal of the social worker's decision. *Id.*

On July 24, Hassan inquired about the status of his appeal. *Id.* He was informed by Board personnel that they had no record of receiving his NOD. *Id.* Four days later, on July 28, after no further update, Hassan filed a petition with the Veterans Court seeking a writ of mandamus ordering the Board to acknowledge and docket his appeal. *Id.* Shortly thereafter, Hassan received a July 31, 2023 letter from the Board informing him that that it had received his NOD on July 5, but that it needed time to gather additional information before determining if it could accept his NOD. *Id.*

The Veterans Court then determined that Hassan had not shown a clear and indisputable right to the extraordinary relief of a writ of mandamus. *Id.* at *2. It noted that

within one month of submitting his NOD, Hassan received acknowledgement from the Board of receipt of his appeal and advised him that it was working to determine whether or not the appeal could properly be docketed. *Id.* The Veterans Court concluded that the time for the Board to complete its docketing task had "not yet become unreasonable, especially given the apparent novelty of the appeal issue." *Id.* It therefore denied Hassan's petition. *Id.* Hassan timely appealed the Veterans Court's decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts. 38 U.S.C. § 7292(d)(2). That extends to our review of the Veterans Court's decision to grant or deny a writ of mandamus, as "[i]t is well established that the [All Writs Act] does not expand a court's jurisdiction." *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998). We may review non-frivolous legal questions raised in the petition and "whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). However, "[w]e may not review the factual merits of the veteran's claim." *Id.*

The Veterans Court reviewed the facts of the case, applied the legal standard for unreasonable delay, and found, based upon that application of law to facts, that Hassan failed to establish entitlement to a writ. *See Decision* at *2 ("Having considered the chronology of events at issue here, as well as all the surrounding circumstances, the Court is not persuaded that the current situation reflects the unlawful withholding or unreasonable delay of action by the

Board under the factors set forth in *Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir. 2018).").

Hassan appears to dispute only the facts associated with the VA's decision to deny his request for an iPad. *See* Appellant's Inf. Br. at 1–3. He makes no arguments relating to his legal right to a writ of mandamus or the legal standard for unreasonable delay cited by the Veterans Court. *See id.* Hassan invokes various constitution principles in his briefing, arguing that the denial the device was "devoid of due process and equal protection." *Id.* at 2. However, mere "characterization of that question as constitutional in nature does not confer upon us jurisdiction." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Accordingly, we lack jurisdiction over Hassan's appeal.

## CONCLUSION

We have considered Hassan's other arguments and find that none raises a nonfrivolous issue over which we can assert jurisdiction. For the foregoing reasons, we *dismiss* Hassan's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No Costs.